Eddie OSTEEN, Individually and as next friend of Monica Osteen, a minor, Appellant,

v.

Henry CRUMPTON, Appellee.

No. 18482.

Court of Civil Appeals of Texas, Dallas.

Jan. 23, 1975.

Rehearing Denied Feb. 13, 1975.

Mark Delk, Dallas, for appellant.

Michael H. Sebastian, Dallas, for appellee.

AKIN, Justice.

Plaintiff, Eddie Osteen, appeals from an adverse judgment of the trial court based upon jury findings of contributory negligence proximately causing the collision in question and his resulting damages.

This judgment is affirmed on two grounds: (1) Plaintiff's objections to the court's charge failed to comply with Texas Rules of Civil Procedure, rule 274* and are waived; and (2) Under Rule 45, defendant's pleadings of contributory negligence gave fair notice to plaintiff of what defendant intended to prove at trial.

Plaintiff's sole contention is that the issues of contributory negligence and proximate cause were not supported by affirmative pleadings of proximate cause and that plaintiff's objections to the charge on the grounds of no pleadings or insufficient pleadings to support submission of such issues should have been sustained by the trial court. We cannot agree.

Defendant's answer alleges: " . . . on the occasion in question Eddie Osteen was guilty of the following acts of negligence which were *approximate* cause and contributed to the accident . . . ." [Emphasis added] Thereafter, defendant pleads specific acts of contributory negligence and follows with the pleading: "Any or all of the foregoing acts of negligence on the part of the plaintiff, Eddie Osteen, were *approximate* cause of the collision made the basis of his lawsuit and of any injuries . . . ." [Emphasis added] Plaintiff contends that the foregoing allegations of "*approximate* cause" were insufficient to sustain submission of the contributory negligence issues including all *proximate* cause issues.

Plaintiff levelled no exception to defendant's pleadings, and we are advised by plaintiff's counsel in oral argument that he made no objections to any evidence of any acts or omissions based upon the complaint made to this court. This brings us to the question of whether or not appellant complied with Rule 274 in making his objections to the trial court's charge.

Plaintiff levelled 137 objections to the court's charge. Most were repetitive stock general objections. He now relies on his objections that the contributory negligence and proximate cause issues had "no pleadings and/or insufficient pleadings" to support them. We hold that these objections were not sufficient to direct the court's attention to the defect in pleading which he now asserts. Rule 274 provides in part as follows:

> A party objecting to a charge must point out *distinctly* the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless *specifically* included in the objections. [Emphasis added]

This rule intended to eliminate general, specious, and time-consuming objections to the trial court's charge and to require all objections to set forth with specificity and brevity the complaint so as to give the trial court a fair opportunity to correct any error or deficiency. Monsanto Co. v. Milam, 494 S.W.2d 534 (Tex.1973); Success Motivation Institute, Inc. v. Lawlis, 503 S.W.2d

---

\* All rules referred to herein are to Texas Rules of Civil Procedure.

864, 867 (Tex.Civ.App.-Houston [1st Dist.] 1973, writ ref'd n.r.e.); Hemmenway v. Skibo, 498 S.W.2d 9, 11 (Tex.Civ.App-Beaumont 1973, writ ref'd n.r.e.); Green v. Baldree, 497 S.W.2d 342, 347 (Tex.Civ. App.-Houston [14th Dist.] 1973, no writ).

It is clear to us that the Supreme Court in adopting Rule 274 and in its decision in *Monsanto* establishes the necessity for counsel, if he intends to preserve error, to specifically point out the defect in the issue. If counsel chooses to burden the trial court with numerous broad and general stock objections, thereby obscuring his real complaint, he preserves no point for appeal. *See also* 3 McDonald, Texas Civil Practice §§ 12.29.1-12.29.3 (1970); G. Hodges, Special Issue Submission in Texas §§ 62–64 (1959); 1 Texas Pattern Jury Charges n. 12, at 25 (Supp.1973).

█■ Our decision, however, would be the same, even if appellant specifically pointed out his objection to the court's charge that the term *approximate* cause was not sufficient pleading to sustain the trial court's submission of issues of proximate cause and contributory negligence. As indicated in Rule 45 and pointed out in many cases, all that is required of pleadings is that they give fair notice to the opponent of the proof which will be introduced against him at trial. Reid v. Associated Employers Lloyds, 164 S.W.2d 584, 585 Tex.Civ.App.-Fort Worth 1942, writ ref'd); Penny v. City of Texarkana, 400 S.W.2d 797, 799 (Tex.Civ.App.-Texarkana 1966, writ ref'd n.r.e.). We cannot say that the term "approximate cause," whether a typographical error, misspelling, or simply an oversight, failed to give reasonable notice to the plaintiff that the defendant would attempt to prove contributory negligence and proximate cause and that these issues would be submitted to the jury.

Accordingly, the judgment of the trial court is affirmed.