James Earl SCOTT, Appellant,

v.

William M. WEBB and Joe Dale Simmons, Appellees.

No. 19606.

Court of Civil Appeals of Texas, Dallas.

May 30, 1979.

Rehearing Denied June 26, 1979.

Ruth Rayner, Dallas, for appellant.

Richard Bernays, Touchstone, Bernays & Johnston, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

AKIN, Justice.

Plaintiff appeals from an adverse judgment rendered on a jury verdict in favor of two defendants. Plaintiff, a blind man with a guide dog, was struck in an intersection by defendant Webb's vehicle and was narrowly missed by defendant Simmons' vehicle. He sued both Webb and Simmons, alleging that the defendants violated Tex. Rev.Civ.Stat.Ann. art. 6701e § 2 (Vernon 1977) by failing to take the precautions required by that statute with respect to blind persons crossing an intersection. The jury's verdict absolved defendant Webb of negligence, but found defendant Simmons to be twenty-five percent negligent and the plaintiff to be seventy-five percent negligent. Acting on the verdict, the trial court rendered judgment that plaintiff take nothing. Plaintiff's points on appeal concern: (1) the court's charge with respect to the submission of special issues under article 6701e, section 2; (2) the failure of the court to submit issues on speed; and (3) the submission of issues as to plaintiff's negligence. We hold that the trial judge erred in refusing an issue on speed with respect to defendant Webb, but also hold that it was not error to refuse a speed issue with respect to Simmons because speed on the part of Simmons was not raised by the evidence. Accordingly, we affirm the judgment with respect to Simmons but reverse and remand as to defendant Webb.

This accident occurred when plaintiff attempted to cross a major thoroughfare with his dog. It was undisputed that it had been raining. As defendant Simmons and defendant Webb approached the intersection, Simmons' vehicle, a suburban,[1] was in the middle lane to the right and ahead of the Webb vehicle. Webb's vehicle was travelling in the far left lane next to the median. When Simmons first saw plaintiff and his dog, Simmons' vehicle was approximately four hundred fifty feet from the intersec-

tion. Simultaneously, defendant Webb was approaching the intersection to the left and rear of Simmons' suburban. As plaintiff and his dog crossed the intersection, Simmons stopped, but Webb did not stop until after he struck plaintiff. The jury found no negligence on defendant Webb's part, apparently because of his testimony that Simmons' vehicle obscured his view of plaintiff until it was too late to stop.

Plaintiff testified that he had stopped and listened for traffic prior to attempting to cross the intersection, and when he failed to perceive any traffic, he started to cross; however, his guide dog refused to go on two separate occasions when plaintiff gave the dog the forward command. Some traffic then passed. Thereafter, plaintiff attempted to cross the intersection and the evidence as to whether the guide dog again refused to obey the forward command was disputed. Plaintiff testified that the dog responded forthwith, but defendant Simmons testified that plaintiff stated to a number of people immediately after he was struck by Webb's automobile that the dog tried to stop him but that he had shaken the dog's leash commanding him to go forward.

Defendant Webb testified that he first saw plaintiff when Webb's automobile was "middleways of that camper" (Simmons' suburban) and plaintiff and his dog were entering the lane directly in front of Webb's vehicle. Webb applied his brakes but struck the plaintiff with his left front fender. The testimony was disputed with respect to whether Webb's vehicle stopped within the intersection or stopped after proceeding through the intersection.

▮ Plaintiff first contends that the issues submitted with respect to article 6701e, section 2, pertaining to blind persons, were improper in that the issues failed to give full effect to the statute. Since plaintiff does not, however, set forth specifically why the issues were improper, no error is presented for our review. Tex.R.Civ.P. 274;

---

1. This suburban was a station wagon built on a truck chassis and was approximately the same height as a pickup truck.

*Osteen v. Crumpton,* 519 S.W.2d 263, 264 (Tex.Civ.App.—Dallas 1975, writ ref'd). Furthermore, the issues submitted were in the language of the statute and, thus, proper.

■ Next plaintiff contends that the judge erred in granting defendant Simmons' motion for judgment because both defendants were guilty of negligence per se for violation of article 6701e, section 2, which provides that when a blind man is crossing an intersection, all vehicles approaching the intersection must take all precautions necessary for the protection of the blind man, including stopping, if necessary. We overrule this point because we cannot say that the evidence shows that either defendant was guilty of negligence per se as a matter of law.

■ Plaintiff also asserts that the trial court erred in submitting an excuse instruction with its special issue pertaining to defendant Webb's conduct under article 6701e, section 2, because an excuse instruction is available only when a negligence per se issue is submitted. We overrule this point because the issue was a negligence per se issue, i. e., a violation of a statute. Our review of the evidence reveals that the issue of excuse was raised, and, therefore, defendant Webb was entitled to the excuse instruction as given by the trial judge. Furthermore, the jury found in answer to other special issues that Webb did not fail to keep a proper lookout and that Webb did not fail to make proper application of his brakes. There was substantial evidence that Webb could not have seen plaintiff until immediately before he struck plaintiff because the larger Simmons' vehicle obscured his view.

■ Plaintiff next complains of the failure of the trial court to submit issues on speed as to both defendants. The record shows that the trial judge proposed to submit issues on speed. The judge's proposed issues do not appear in the present record, but plaintiff's objection to the charge indicates that both issues used the term "excessive speed". The plaintiff claimed that the court's special issues in containing the word "excessive" amounted to a comment by the court on the weight of the evidence. The judge sustained plaintiff's objection to the court's special issues on speed, but refused to submit plaintiff's proposed issues. The plaintiff's proposed issues were proper speed issues taken from *Texas Pattern Jury Charges* and are included in the record. 2 State Bar of Texas, Texas Pattern Jury Charges § 5.02 (1969). Although the speed issues proposed by the trial judge may have been correct issues, the trial judge erred by sustaining plaintiff's objection and then refusing plaintiff's tendered proper issues on speed. The judge had a choice of submitting the issues requested by plaintiff or submitting his own issues as originally proposed, subject to the objection, which may not have been well taken. He was not invited to omit any issue on speed. If there is evidence to raise the issues, the court had the duty to submit them upon request. Tex.R.Civ.P. 277 provides that "upon request of either party, the judge *shall* submit the cause upon special issues controlling the disposition of the case that are raised by the written pleadings and the evidence." Accordingly, we hold that the trial judge erred by refusing issues on speed with respect to defendant Webb since speed was pleaded and raised by the evidence. As to defendant Simmons, the failure to submit speed issues was not error because speed on the part of Simmons was not raised by evidence. This is true since it is undisputed that Simmons stopped and avoided striking plaintiff. It follows therefore, that no issue with respect to excessive speed was raised.

■ Plaintiff next asserts that the trial judge erred in submitting certain defensive issues with respect to plaintiff's conduct. These issues all pertain to plaintiff's crossing the intersection in contravention of the warning of his guide dog, which warning plaintiff negligently failed to heed. The jury found that this negligence was a proximate cause of the accident resulting in plaintiff's damages. The specific complaint lodged by plaintiff is that there was no evidence and, alternatively, insufficient evidence to support these findings. We do not

agree. Defendant Simmons' testimony that Scott stated to people immediately after the accident that the dog had tried to stop him but that he had insisted that the dog move forward is ample evidence to raise these issues and to support the jury findings. Although plaintiff argues that this testimony is not competent because it was "hearsay," it was an admission by plaintiff which was admissible as an exception to the hearsay rule. *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331, 337 (Tex. 1963). Thus, this testimony will support the jury's answers to these special issues.

Finally, plaintiff complains that the trial judge erred in refusing to submit special issues on "discovered peril." Plaintiff's point of error overlooks decisions holding that discovered peril is no longer a proper issue since the adoption of comparative negligence. *Davilla v. Sanders,* 557 S.W.2d 770, 771 (Tex.1977). *See Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627, 632 (Tex.1976).

The judgment of the trial court is affirmed as to defendant Simmons but is reversed and remanded for a new trial with respect to defendant Webb. Costs are taxed one-half to plaintiff and one-half to defendant Webb.