**560**

Oma L. WALKER, et al., Appellants,

v.

John K. EASON, et al., Appellees.

No. 8710.

Court of Appeals of Texas,
Beaumont.

March 18, 1982.
Rehearing Denied April 15, 1982.

Robert E. Barnes, Beaumont, for appellants.

Earl B. Stover, Silsbee, for appellees.

KEITH, Justice.

Plaintiffs below appeal from an unfavorable verdict based upon a jury verdict in a

partition suit. The parties are ten brothers and sisters, the children of Pearl Eason, who owned a ten-acre tract of land upon which she maintained her home. While Pearl was in a nursing home in extremely poor health, she executed a deed conveying the ten acres to the ten children as tenants in common.

Subsequently, after the death of Pearl Eason, one of the brothers, John K. Eason, qualified as administrator of Pearl's estate and conveyed a one-acre tract, which included the improvements, out of the ten-acre tract to his sister Hazel Lee Gardner. Hazel insured the improvements, which burned shortly thereafter, and collected $30,000 from the insurance company. A portion of the insurance money was used to pay off the purchase money lien upon Pearl's home place and Hazel kept the remainder.

The other brothers and sisters brought suit against John and Hazel seeking partition of the ten-acre tract conveyed by their mother's deed and also sought their proportionate part of the insurance proceeds. Defendants pleaded, in defense of the partition suit, that Pearl's deed to the ten children was void because she was mentally incompetent to convey the property, but that such deed constituted a cloud on the title to the land conveyed to Hazel. In the alternative, Hazel pleaded that she was a purchaser in good faith, had made valuable improvements thereon, and sought recovery of her expenditures, etc.

After a lengthy trial, devoted largely to testimony concerning the physical and mental condition of Pearl at the critical times, the jury answered only one issue submitted.[1] The issue which was answered read:

"Do you find from a preponderance of the evidence that Pearl Eason on June 3, 1977, at the time she executed the Deed in evidence before you, had sufficient mental capacity to understand the nature and subject of such Deed and the consequences of her act in signing it?"[2]

The jury answered, "She did not have sufficient mental capacity."

Among the preliminary general instructions was one reading:

"The law of Texas presumes that a grantor of a deed had sufficient mental capacity at the time of the execution of the deed to understand his legal rights. The burden of proof rests upon the persons seeking to set aside the deed to show the lack of mental capacity at the time the deed was executed."

It is to be noted that the special issue placed the burden of proof upon the plaintiffs—the grantees in Pearl's deed—while the instruction correctly placed the burden on the defendants.[3] Plaintiffs filed only two objections to the charge, the first of which was a complaint that the Court, in Special Issue Number One, "improperly places the burden of proof upon the Plaintiff to establish mental capacity when under the law of the State of Texas such burden is upon the Defendants who are asserting mental incapacity as a basis for cancellation of a deed."

Plaintiffs filed a motion for the entry of judgment non obstante veredicto contending that the defendants did not discharge their burden of showing mental incompetency of the grantor by the jury in answer to Special Issue No. One; and, the defendants waived such independent ground of relief by failing to request, "in substantially correct wording", such an issue. *Tex.R. Civ.P. 279.*

1. Issues on good faith purchaser and improvements made by Hazel were conditioned upon an affirmative answer to the first issue and were not answered. No party has any points of error addressed to this facet of the case and no further mention will be made thereof.

2. The instruction on "mental capacity", which accompanied the issue, comes to us without challenge and is not necessary to our discussion of the question involved. We note, in passing, that an identical instruction was contained in the general instructions preceding the special issue.

3. See *Jackson v. Henninger*, 482 S.W.2d 323, 324 (Tex.Civ.App.—Austin 1972, no writ), where the rule is set out.

Plaintiffs place their primary reliance upon *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966), where the Court held that the negative answer returned by the jury was not an affirmative finding of a fact, but was simply a failure or refusal of the jury to find such fact from a preponderance of the evidence. See also, *Simms v. Southwest Texas Methodist Hospital*, 535 S.W.2d 192, 196 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.).

*Campbell*, supra, and its progeny, do not completely answer the problem confronting us. Here, we have one preliminary instruction, authorized by *Tex.R.Civ.P. 277*, which properly placed the burden of proof upon the defendants (to which plaintiffs made no objection), and one in the issue itself which was incorrect. In effect, one instruction cancelled the other so that the jury was left with no instruction on the burden of proof.

Plaintiffs made no mention of the general instruction which *correctly* placed the burden of proof on the defendants. The two instructions—the general instruction preceding the issue and the one forming a part thereof—were mutually destructive and left the jury without any instruction as to the burden of proof on the issue. Plaintiffs' objections did not reach the basic defect in the charge.

Under *Tex.R.Civ.P. 274*, plaintiffs were required to frame their objections to the *charge* in language which would "point out distinctly" the matter to which they objected, i.e., the defect in the charge. The objection, as found in our record, did not "point out distinctly" the failure of the trial court to place the burden of proof upon either party. See generally, *Osteen v. Crumpton*, 519 S.W.2d 263, 264 (Tex.Civ.App.—Dallas 1975, writ ref'd); *5 Dorsaneo, Texas Litigation Guide, § 122.04[3] (1981)*, and authorities therein cited.[4]

Defendants argue that one of the purposes of the 1973 amendments to *Rule 277* was to give the trial court greater latitude in the submission of a case to the jury. We agree. See generally, J. Pope and W. Low-

eree, "The State of the Special Verdict—1979", *11 St. Mary's L.J. 1, 36 (1979)*. But it has long been the rule that a charge "which does not instruct the jury as to the correct law applicable to the facts is improper." *Gulf Coast State Bank v. Emenhiser*, 562 S.W.2d 449, 453 (Tex.1978).

■ Plaintiffs contend that the error of the trial court in improperly placing the burden of proof upon them in the instruction accompanying the special issue constituted error of such magnitude that they are entitled to a reversal of the judgment. In considering such contention, we bear in mind the rule which requires an examination of the charge in its entirety in passing upon the validity of an objection to any portion thereof. *Briseno v. Martin*, 561 S.W.2d 794, 796 (Tex.1977).

Under the unusual record which we review, we are of the opinion that reversible error is not presented by plaintiffs' first point of error complaining of the erroneous placement of the burden of proof upon the special issue.

■ The thrust of the second point of error, submitted jointly with the first, is that the jury's answer to such issue was immaterial and would not support a judgment for the defendants. The contention is based upon the same authorities as the first point, and for the reasons heretofore set out, the second point is also overruled.

■ For the first time, and in argument under the third point, plaintiffs point to the correct general instruction which would have placed upon our defendants the burden of proof in the issue submitting the lack of mental capacity of plaintiffs' grantor—as mentioned in our discussion of the first point of error. Now, plaintiffs assert that since the special issue submitted (presumably at the request of the defendants) improperly placed the burden of proof upon the plaintiffs, it amounted to a waiver of the ground of defense since it was not "in substantially correct wording" as required

---

4. Plaintiffs' objections were not voluminous, as in *Osteen*, supra; they simply missed the mark

and deprived the trial court of a fair opportunity to correct the error.

in *Rule 279*. Plaintiffs cite *Goodnight v. Phillips*, 458 S.W.2d 196 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.), and *Castilleja v. Camero*, 402 S.W.2d 265 (Tex.Civ.App.—Corpus Christi 1966), aff'd, 414 S.W.2d 424 (Tex.1967), as support for their contention.

Although *Rule 279* speaks of waiver, its application thereunder has been limited to cases where the issue has been tendered by the party but refused by the court. See, e.g., *Goodnight v. Phillips*, supra; *Castilleja v. Camero*, supra, relied upon by plaintiffs. In this case, the challenged issue was tendered by the defendants, accepted by the Court, and submitted to the jury. We do not accept plaintiffs' argument that, under these circumstances, defendants waived submission under *Rule 279*.

Our Supreme Court in *Massachusetts Bond. & Ins. Co. v. Orkin Exterm. Co.*, 416 S.W.2d 396, 401 (Tex.1967), has given us this definition:

"Waiver has been frequently defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it."

The right we are concerned with here is the right of the defendants to submission of their affirmative defense.

Plaintiffs do not contend that the defendants intentionally or voluntarily relinquished their right to a submission of the single vital issue in the case. It embodied the lawsuit as indicated by the fact that most of our statement of facts, consisting of more than five hundred pages, is made up of testimony relating to the mental capacity of the grantor at the time of the execution of plaintiffs' deed. This record does not, in our opinion, warrant an inference of waiver under *Rule 279*.

Plaintiffs' cases do not involve *submitted* issues with a misplaced burden of proof as we have here; instead, in those cases, the tendered issue was refused and no issue was submitted. In such instances, counsel was charged with knowledge that he must either correct the wording of the requested issue or gamble upon a favorable appellate finding that his requested issue was suffi-cient to protect his rights. When he fails to change the wording of a rejected issue, he consciously risks a holding that he has waived his right to a submission of such issue. Under the record before us, we do not find a waiver. See and cf., *Cinbar Engineering Co. v. Delta Leasing & Inv. Corp.*, 404 S.W.2d 626, 630 (Tex.Civ.App.—Austin 1966, writ ref'd n. r. e.).

Plaintiffs rely, basically, upon two sentences in *Rule 279*:

(1) "... all independent grounds ... of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; ..."

and

(2) "Failure to submit an issue shall not be deemed a ground for reversal ... unless its submission, in substantially correct wording, has been requested...."

Obviously, since an issue on mental capacity of the grantor was actually submitted, the first quotation is inapplicable. The second quotation is qualified by language which requires that submission must have been "requested ... by the party ... complaining of the judgment." Taken in the context in which it appears in the rule, the "complaining party" must refer to the party whose vital issue was not submitted.

Absence of waiver is demonstrated conclusively by the fact that the trial court actually submitted the issue of mental competency of the grantor—the determinative issue in the case. We must bear in mind a fundamental rule: "The validity of an objection to any portion of a charge requires an examination of the charge in its entirety." *Briseno v. Martin*, supra, 561 S.W.2d at 796. We conclude, from our examination of the entire charge and the record as a whole that reversible error is not shown by plaintiffs' third point of error.

■■ Finally, plaintiffs contend that it was error for the trial court to deny their motion for judgment non obstante veredicto by disregarding Special Issue Number One

discussed earlier in this opinion. Under *Rule 301*, a jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. *C. & R. Transport, Inc. v. Campbell,* supra (406 S.W.2d at 194). See also, *Simpson v. Phillips Pipe Line Co.,* 603 S.W.2d 307, 311 (Tex.Civ.App.—Beaumont 1980, writ ref'd n. r. e.), and authorities therein cited. In our opinion, the issue was material—indeed, the entire controversy had its genesis in and the trial centered around the question embodied therein—the competency of plaintiffs' grantor. There was a great deal of evidence of probative nature supporting the answer thereto and the trial court was not authorized to disregard such finding. Point four is overruled.

There being no reversible error, the judgment is AFFIRMED.