**James Earl SCOTT, Appellant**

v.

**William M. WEBB and Joe Dale Simmons, Appellees.**

No. 05–81–00735–CV.

Court of Appeals of Texas, Dallas.

Aug. 19, 1982.

Rehearing Denied Sept. 24, 1982.

Ruth Rayner, Dallas, for appellant.

Paul Brumley, Brumley & Stanton, DeSoto, Richard Bernays, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellees.

Before AKIN, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

This is the second appeal of a personal injury case in which the jury found defend-

ant Webb free from any negligence while finding the plaintiff negligent in several respects. James Earl Scott, plaintiff in the trial court, urges in his one point of error that the trial judge erred in failing to consider defendant Simmon's negligence in the retrial of the case. Because the doctrine of res judicata prohibits the retrial of issues formerly determined, we affirm the trial court's ruling.

This suit originally involved one plaintiff, Scott, and two defendants, Webb and Simmons. In the trial of the first case, the jury found defendant Webb guilty of no negligence; defendant Simmons guilty of twenty-five percent of the total negligence and Scott guilty of seventy-five percent of the total negligence. On appeal, this court affirmed the judgment between Scott and Simmons and remanded the case to the trial court for a retrial between Scott and Webb. *See Scott v. Webb,* 583 S.W.2d 846 (Tex.Civ. App.—Dallas 1979, writ dism'd).

Scott first argues that he was entitled to have Simmons made a defendant in the retrial of Scott's case against Webb. This court rejects that contention as being contrary to the doctrine of res judicata. The rules of res judicata rest upon the policy of protecting a party from being twice vexed for the same cause, together with that of achieving judicial economy in precluding a party from relitigating the same issues. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex.1971). Scott has had his day in court with Simmons and he cannot relitigate the issues again. *McGuire v. Commercial Union Insurance Co. of N.Y.,* 431 S.W.2d 347 (Tex.1968).

Scott then argues that the jury should have been instructed that twenty-five percent of the negligence that caused the occurrence was attributable to Simmons. Scott cites no authority for this proposition, and this court knows of none. Furthermore, Scott has failed to show that he was damaged by the trial court's failure to so instruct the jury. In the second trial, the jury found Scott negligent, and Webb free from negligence. We affirm. Costs taxed against Scott.