**Oma L. WALKER, et al., Petitioners,**

v.

**John K. EASON, et al., Respondents.**

**No. C–1269.**

Supreme Court of Texas.

Dec. 8, 1982.

Rehearing Denied Jan. 19, 1983.

Barnes & Barnes, Robert E. Barnes, Beaumont, for petitioners.

Earl B. Stover, Silsbee, for respondents.

PER CURIAM.

We grant the motion for rehearing. Our former opinion and judgment of October 13, 1982, are withdrawn and the following opinion is substituted.

This is a suit to set aside an administrator's deed and to partition land. The plain-

---

**3.** No complaint is here urged as to the method by which the trial court calculated the damages awarded each plaintiff.

tiffs claim title to the land through a deed executed by their mother. The defendants answered seeking to have this deed cancelled. The trial court rendered judgment for defendants cancelling the deed from the mother. The court of appeals affirmed. 631 S.W.2d 560.

On June 3, 1977, Pearl Eason executed a deed conveying a ten-acre tract of land to her ten children as tenants in common. The deed was filed for record on the same day. In October of 1977 Pearl Eason died, and her son John qualified as administrator of her estate.

As administrator, John executed a deed conveying to his sister Hazel a one-acre tract out of the ten-acre tract. This one-acre tract included the improvements. The other eight brothers and sisters brought suit to set aside the administrator's deed and to partition the ten acres. They subsequently amended their suit to include a claim for a division of insurance proceeds paid to Hazel when the improvements were destroyed by fire. Hazel and John answered by general denial and sought to have Pearl's deed cancelled because of an alleged lack of sufficient mental capacity.

Trial was before a jury. The general instructions in the court's charge advised the jury that the burden of proof of showing lack of mental capacity was upon the persons seeking to set aside the deed. Special issue number one, however, read as follows:

> Do you find from a preponderance of the evidence that PEARL EASON on June 3, 1977, at the time she executed the Deed in evidence before you, had sufficient mental capacity to understand the nature and subject of such deed and the consequences of her act in signing it?

The plaintiff brothers and sisters objected to this special issue alleging it improperly placed the burden of proof upon them to establish mental capacity when under the laws of the State of Texas the burden was on Hazel and John to establish mental incapacity as a basis for cancellation of the deed. The trial court overruled their objections. In response to special issue number one, the jury answered, "She did not have sufficient mental capacity." The remaining special issues were conditionally submitted; therefore, the jury did not answer them.

John and Hazel filed a motion for judgment on the verdict. The plaintiff brothers and sisters moved for judgment notwithstanding the verdict. They allege that the jury's answer to special issue number one did not support a judgment for John and Hazel. The trial court overruled the motion for judgment notwithstanding the verdict and granted the motion for judgment on the verdict. The court rendered judgment cancelling the deed from Pearl Eason to the ten children and denied all other requested relief. The court of appeals affirmed.

Although special issue number one incorrectly placed the burden of proof, the instruction in the court's charge correctly placed the burden of proof. Unlike the simple "no" answer given in *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex. 1966), the jury made a definitive finding that Pearl Eason "did not have sufficient mental capacity." Thus, any error of the trial court in overruling the objections to special issue number one was harmless error.

The application for writ of error is refused, no reversible error. This action does not indicate our agreement with the court of appeals' statement that the objections to special issue number one did not point out distinctly the defect in the charge as required under Tex.R.Civ.Pro. 274.

ROBERTSON, J., not sitting.