DALLAS COUNTY SHERIFF'S DE-
PARTMENT and Sheriff, Dallas
County, Texas, Appellants,

v.

Thomas A. GILLEY, Appellee.

No. 05–02–01637–CV.

Court of Appeals of Texas,
Dallas.

Aug. 15, 2003.

Rehearing Overruled Sept. 12, 2003.

Bart Bevers, Asst. Dist. Atty., Dallas, for Appellant.

Kennth H. Molberg, Wilson, Williams, & Molberg, P.C., for Appellee.

Before Justices WHITTINGTON, RICHTER, and ROSENBERG.[1]

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## OPINION

Opinion by Justice WHITTINGTON.

After a jury found appellee Thomas A. Gilley was not promoted to the position of deputy sheriff due to age discrimination, the trial judge entered judgment for Gilley. In three issues, the Dallas County Sheriff's Department and Sheriff, Dallas County, Texas (collectively, the "Department") challenge the jury charge and the exclusion of evidence. We affirm the trial court's judgment.

### STANDARD OF REVIEW

■ Generally, in reviewing a complaint of error in a question submitted to the jury, we employ an abuse of discretion standard. *See Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990) (standard for review of charge is abuse of discretion). A trial judge abuses his discretion if his action is arbitrary, unreasonable, and without reference to any guiding rules or principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). Whether a definition used in the charge misstated the law, however, is a legal question reviewed *de novo*. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 525 (Tex.2002). We may not reverse a judgment for error in the submission of jury instructions or questions unless we conclude the error probably caused the rendition of an improper judgment. *Kiefer v. Continental Airlines, Inc.*, 10 S.W.3d 34, 37 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *see also* TEX.R.APP. P. 44.1(a)(1). To determine whether an improper jury charge constitutes reversible error, we consider the pleadings, the evidence, and the charge in its entirety. *Kiefer*, 10 S.W.3d at 37.

■ We review the trial judge's exclusion of evidence under an abuse of discretion standard. *See Owens–Corning Fi-* *berglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998) (admission or exclusion of evidence is matter within trial judge's discretion). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show the trial judge's ruling was in error and the error probably caused the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1; *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43.

### JURY CHARGE

■ In its first issue, the Department complains of the following question included in the charge to the jury: "Do you find that Thomas Gilley was at least 40 years old, that he was not promoted to Deputy Sheriff, and that his age was one of the reasons that he was not promoted?" The Department argues the phrase, "one of the reasons" incorrectly lessened the plaintiff's burden of proof on his disparate treatment claim and contends the trial judge should have submitted the phrase, "a motivating factor" instead.

Gilley first replies that this complaint was not preserved by an objection in the trial court. At the charge conference, however, the Department's counsel objected to Question Number 1, stating "motivating factor is not present at all in the question," and requested submission of an issue based on Texas Pattern Jury Charge 107.6, which uses "motivating factor" as the standard and defines the term. *See* TEXAS PATTERN JURY CHARGES, BUSINESS, CONSUMER, INSURANCE, EMPLOYMENT 107.6 (2002) ("TEXAS PJC"). This objection was sufficient to bring the error to the trial judge's attention, as the trial judge noted,

> I'm satisfied that this is close enough to being the same thing that it is not worth changing. I tend to agree that using the PJC may be safer, but I think this is close enough so that the

chances are minimal that this alone would not cause us to have to do this over again. Because I think as Mr. Molberg is pointing out, the definition says it's the reason for. And actually "reason" is a more commonly used term in our vocabulary than "motivating factor."

The Department's objection was specific enough to bring the issue to the trial judge's attention. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (error preserved where party made trial court aware of complaint, timely and plainly, and obtained ruling); *Osteen v. Crumpton*, 519 S.W.2d 263, 264 (Tex.Civ.App.-Dallas 1975, writ ref'd) (objection properly specific if it gives trial court fair opportunity to correct error or deficiency); *see also* TEX.R.APP. P. 33.1 (complaint preserved for appellate review if made to trial court "with sufficient specificity to make the trial court aware of the complaint").

■ We conclude, however, that it was not error to use the phrase "one of the reasons" rather than the term "a motivating factor." Gilley's sole claim is under the federal Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621 *et seq.* (West 1999 and Supp.2003)("ADEA"). Under the ADEA, it is "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In an ADEA case, the ultimate burden of proof is on the plaintiff to prove the defendant intentionally discriminated against him. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).[2] For Gil-

2. We note that the standard of proof for a federal age discrimination claim of disparate treatment by the employer has been articulated by the United States Supreme Court as whether the plaintiff's age "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *Reeves*, 530 U.S. at 141, 120 S.Ct. 2097 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). The Fifth Circuit Court of Appeals has held there is no error in a jury question inquiring whether plaintiff's age was a "determinative influence" or a "determinative factor" in the employer's decision, noting its "consistent holdings in this area." *Lindsey v. Prive Corp.*, 161 F.3d 886, 895 (5th Cir. 1998). The Department, however, does not assign error to any failure to use a "determinative influence" standard. Thus, we decline to enter the longstanding debate regarding the proper standards and burdens of proof for discrimination claims under federal law or choose among the widely varying recommendations for submission of federal ADEA claims to a jury. *See, e.g., Price Waterhouse v. Hopkins*, 490 U.S. 228, 240, 262–63, 281, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (citations to plurality opinion, O'Connor, J., concurring, and Kennedy, J., dissenting) (Justices cannot agree whether term "because of" used in employment discrimination statute requires "but for" causation); *see also* 1991 amendments to Title VII of federal Civil Rights Act, responding to *Price Waterhouse* by allowing limited relief where plaintiff proves discrimination is "motivating factor," 42 U.S.C. § 2000e–5(g)(2)(B) (West 1994); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477–480 (Tex. 2001) (describing conflict among federal circuits as to whether "motivating factor" standard applies to all, or only some, federal employment discrimination claims); EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL 5.11, 5.91, and 5.92 (West 2001) (for claims under ADEA, advising submission of "motivating factor" in some circumstances, and "determining factor," or both "motivating factor" and "determining factor," in others); 3C KEVIN F. O'MALLEY, JAY E. GRENIG, AND HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS—CIVIL § 173.20 at 499–500 (5th Ed.2001) (using "determinitive influence" for instruction on elements of ADEA disparate treatment claim); Pattern Jury Charges of the District Judges Ass'n of the Fifth Circuit, Civil Cases ¶ 11.2 at 146 (West 1999) (using neither "determining factor" nor "motivating factor" in ADEA instruction).

ley's sole claim under federal law, the trial judge used language in the charge that tracks the language of the federal pattern jury charge for age discrimination claims. *See* PATTERN JURY CHARGES OF THE DISTRICT JUDGES ASS'N OF THE FIFTH CIRCUIT, CIVIL CASES ¶11.2 at 146 (Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634) (West 1999) ("FIFTH CIRCUIT PJI") (requiring plaintiff to prove "[t]hat his age was one of the reasons the defendant discharged [discriminated against] him"). *See also Price Waterhouse v. Hopkins,* 490 U.S. 228, 250, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (in gender discrimination case, "[i]n saying that gender played a *motivating part* in an employment decision, we mean that, if we asked the employer at the moment of the decision what its reasons were and if we received a truthful response, *one of those reasons* would be that the applicant or employee was a woman") (emphasis added). Similarly, the Texas pattern jury charge requested by the Department asks whether age was "a motivating factor" in the decision at issue and then defines the term "motivating factor" to be "*a reason* for making the decision at the time it was made." TEXAS PJC 107.6 (emphasis added).

The Department relies on *Quantum Chemical Corp. v. Toennies,* 47 S.W.3d 473 (Tex.2001), in arguing reversal is proper where an incorrect standard has been used in an age discrimination claim. In *Quantum Chemical Corp.,* the charge inquired whether the plaintiff was discharged "because of age," even though the plaintiff's requested issue used the "motivating factor" language. *Quantum Chem. Corp.,* 47 S.W.3d at 475. The Texas Supreme Court found the words "because of" inherently ambiguous, as they could reasonably be interpreted to require that the improper motivation be either the sole factor or one of several factors that led to the plaintiff's discharge. *Quantum Chem.*

*Corp.,* 47 S.W.3d at 480. Here, there is no such ambiguity. The phrase "because of" was not used, and the question explained that Gilley need not prove age was the sole reason. The phrase "one of the reasons" requires the same finding as the "motivating factor" language requested by the Department, that is, that age was "a reason for making the decision at the time it was made." *See* TEXAS PJC 107.6; FIFTH CIRCUIT PJI 11.2 (plaintiff's "age was one of the reasons the defendant discharged [discriminated against] him. He need not prove that age was the only reason."). Thus, we conclude the trial judge's submission of the phrase "one of the reasons" instead of "motivating factor" was not error. Further, the trial judge acted with reference to appropriate guiding rules and principles and therefore did not abuse his discretion. *See Texas Dep't of Human Servs.,* 802 S.W.2d at 649. *But see Umpleby v. Potter & Brumfield, Inc.,* 69 F.3d 209, 213–14 (7th Cir.1995) (in ADEA case, jury question asking, "Do you find from a preponderance of the evidence that [plaintiff's] age was one of the reasons for [defendant] to discharge him?" failed to accurately reflect controlling law, which requires "but for" causation, so reversal required). We overrule the Department's first issue.

■ In its second issue, the Department complains of the second question submitted to the jury. The Department argues the trial judge "improperly removed the required element of intent" from Gilley's age discrimination claim by "erroneously combin[ing] two separate causes of action" in the question and "improperly presenting a disparate impact claim to the jury." At trial, however, these objections were not presented to the trial judge. Instead, the Department's objections were that a "disparate impact" theory had not been recognized by the

Fifth Circuit Court of Appeals or the United States Supreme Court and, if "disparate impact" was submitted at all, the question should follow the form requested by the Department, tracking the wording of Texas pattern jury charge 107.6 for submission of disparate impact.

The Department's objections did not give the trial judge an opportunity to correct the error of which the Department now complains. The Department pointed the trial judge to the wording of Texas pattern jury charge 107.6, but there is no intent element set forth in the pattern instructions for disparate impact. *See* Comment, TEXAS PJC 107.6. (describing "disparate impact" as "unintentional discrimination"). The Department's objections were therefore insufficient to preserve the error for our review. *See Payne*, 838 S.W.2d at 241; *Osteen*, 519 S.W.2d at 264; TEX.R.APP. P. 33.1. Even if any error was preserved, however, we need not address this alternative theory because of our ruling on the Department's first issue. *See, e.g., Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 786–87 (Tex.2001) (any error in submitting first question to jury harmless where jury's affirmative answer to second question sufficient to support liability); *Kiefer*, 10 S.W.3d at 37 (generally, error in submission of issue to jury is harmless when findings of jury in answer to other issues are sufficient to support judgment); *see also Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1474 (9th Cir.1995) (court need not address propriety of disparate impact theory under federal ADEA where jury found intentional discrimination under disparate treatment theory). The Department's second issue is overruled.

### EXCLUSION OF EVIDENCE

In its third issue, the Department complains of the exclusion of its exhibit number 45 at trial. Exhibit 45 was a memo from Sergeant Mike Jesttes to the Department's legal advisor regarding Gilley's age discrimination complaint. The Department urges exhibit 45 is a public record or report not excluded by the hearsay rule. *See* TEX.R. EVID. 803(8). The Department further urges exhibit 45 is a previous statement by a witness offered to rebut an implied charge against him of recent fabrication. *See* TEX.R. EVID. 801(e)(1)(B). However, the Department did not offer the exhibit on either of these grounds at trial. Instead, the Department argued the exhibit was not hearsay because it reflected the witness's then-existing state of mind under Texas Rule of Evidence 803(3) and it was the declarant's own statement. The trial judge sustained Gilley's hearsay objection at a hearing pursuant to rule 104 of the Texas Rules of Evidence. *See* TEX.R. EVID. 104(a) (court may determine preliminary questions concerning qualification of person to be witness or admissibility of evidence). Because the Department's reasons for admitting the evidence at trial do not coincide with the reasons stated in its brief on appeal, we conclude the Department failed to preserve this complaint for appellate review. *See Estate of Veale v. Teledyne Indus., Inc.*, 899 S.W.2d 239, 242–243 (Tex.App.-Houston [14th Dist.] 1995, writ denied).

Moreover, even if the trial judge's ruling was error, the Department failed to show the error probably caused the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1; *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43. In determining if the excluded evidence probably resulted in the rendition of an improper judgment, we review the entire record. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex.2001). Typically, a successful challenge to a trial judge's evidentiary rulings requires the

complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Interstate,* 66 S.W.3d at 220. Ordinarily, we will not reverse a judgment for erroneous exclusion of evidence when the evidence in question is cumulative and not controlling on a material issue dispositive to the case. *See Interstate,* 66 S.W.3d at 220.

In exhibit 45, Jesttes stated he read the cadet manual to Gilley's class setting out the standards, rules, and regulations for the academy in which Gilley was enrolled. The memo further recites that the minimum goals for cadets were based on information from the Cooper Institute for Aerobics Research and gives specifics of Gilley's performance on the various tests. The memo states Gilley was counseled about the goals and requirements and acknowledged them, and that he failed to reach certain goals and was removed from the class after a hearing. The memo denies any age discrimination. The Department does not highlight any particular information in exhibit 45 that was not cumulative but was controlling on a material issue. Gilley himself testified he was aware of the goals and standards set for his class and that he failed certain tests. Further, other evidence showed the specifics of his performance on the tests and his acknowledgment that Jesttes had discussed the cadet manual with him. There was evidence of the Cooper Institute's recommended standards. The Department's witnesses denied any age discrimination. The Department has failed to show the exclusion of exhibit 45 probably caused the rendition of an improper judgment. We overrule the Department's third issue.

We affirm the trial court's judgment.