In the Matter of the MARRIAGE OF Marvin Marshall HILL and Anita Mae Hill and in the Interest of Jason Harlan Hill, Jennifer Marie Hill, Heidi Frances Hill, and Hannah Mae Hill, Minor Children.

No. 07–94–0206–CV.

Court of Appeals of Texas, Amarillo.

Feb. 23, 1995.

Rehearing Overruled March 22, 1995.

---

William L. Rivers, Amarillo, for appellant.

Randall L. Sherrod, Dist. Atty., John L. Owen, Asst. Dist. Atty., Canyon, for Texas Dept. of Protective and Regulatory Services.

William E. Kelly, Canyon, Attorney Ad Litem.

Law Offices of Karon K. Connelly, Karon K. Connelly, Amarillo, for intervenors James O. Osteen and Dee Ann Osteen.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

In two points of error, appellant Anita Mae Hill challenges the trial court's decree terminating her parental rights to her minor children: Jason Harlan Hill, Jennifer Marie Hill, Heidi Frances Hill, and Hannah Mae Hill. She asserts that 1) the trial court's judgment is not in conformity with the pleadings, and 2) the trial court erred in instructing the jury that it could terminate appellant's parental rights on grounds without foundation in the pleadings. For reasons later stated, we affirm the judgment of the trial court.

Inasmuch as appellant's challenge is a purely procedural one and does not dispute the sufficiency of the evidence, extensive reference to the facts is unnecessary. Suffice it to say, in its judgment terminating appellant's parental rights to her minor children Jason, Jennifer, Heidi and Hannah, and in accordance with a jury verdict, the trial court appointed appellee Texas Department of Protective and Regulatory Services (TDPRS) as managing conservator of all of the children except Hannah. Appellees Buddy Osteen and Dee Ann Osteen intervened in the suit seeking termination and, again in accordance with the jury verdict, were appointed as managing conservators of Hannah.

In the relevant portions of its active pleading, its second amended original petition, TDPRS pled:

> Petitioner would show that termination of any parent-child relationship alleged herein is in the best interest of the children, and further as grounds, would show that:
>
> . . . .
>
> 2) The mother of above named children, Anita Mae Hill, has:
>
>> a) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children, and
>>
>> b) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangers the physical or emotional well-being of the children.

In its charge, the trial court instructed the jury:

> For the parent-child relationship existing between ANITA MAE HILL and the child the subject of each question to be terminated it must be proved by clear and convincing evidence that ANITA MAE HILL:
>
> 1. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well being of the child; **or**
>
> 2. knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; **and**
>
> 3. that termination of the parent-child relationship would be in the best interest of the child.

The gist of appellant's argument under both points of error is that TDPRS, having conjunctively pled as a basis for termination that appellant *both* engaged in conduct which endangered the physical or emotional well-being of the children or knowingly placed the children with persons who engaged in such conduct, *see* Tex.Fam.Code Ann. § 15.02(a)(1)(E) (Vernon Supp.1995), *and* knowingly placed the children in conditions or surroundings which endangered the emotional or physical well being of the children, *see id.* § 15.02(a)(1)(D), was required to obtain a favorable jury finding on both counts. However, in the charge, the jury was instructed that it might authorize termination upon a finding that appellant engaged in *either one* of the counts. That being so, although she does not challenge the sufficiency of the evidence per se, appellant concludes that by instructing the jury that it could authorize termination by finding only one, rather than both, of the alleged delinquencies as they were conjunctively pled, the court allowed the termination of her parental rights "upon a ground which ha[d] no foundation in the pleading." She also argues that the trial court's instruction lessened TDPRS's burden of proof from that required by its pleading. In support of that position, appellant cites the rule recognized by us in the case of *In the Interest of S.R.M.*, 601 S.W.2d 766, 767 (Tex.Civ.App.—Amarillo 1980, no writ), that parental rights, being of constitutional dimension, may not be terminated on unpled grounds.

In considering appellant's challenge, we note that under section 15.02(1)(D) of the Texas Family Code, the proof must show the parent knowingly placed or permitted the child to remain in an *environment* that endangers the child's physical or emotional well-being, thus referring only to the suitability of the child's living conditions and not to the parent's conduct. *See Stuart v. Tarrant County Child Welfare Unit*, 677 S.W.2d 273, 280 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). In contrast, under section 15.02(1)(E) of the Code, the State must show the parent engaged in *conduct* or placed the child with persons who engaged in *conduct* that endangered the child's physical or emotional well being. Thus, under that subsection, the

source of danger to the child must be the parent's conduct, either by act or omission. *See Williams v. Texas Dept. of Human Services*, 788 S.W.2d 922, 926 (Tex.App.—Houston [1st Dist.] 1990, no writ).

That being true, involuntary termination based upon section 15.02(1)(D) proof is different from that required under section 15.02(1)(E). Hence, appellant concludes that inasmuch as the two grounds were pled conjunctively, the court's allowing termination on only one of the grounds not only lessened appellee's burden of proof but, effectively, allowed termination upon a ground not pled.

There is a paucity of cases discussing the question presented by this case. Although appellees cite *Texas Department of Human Services v. E.B.*, 802 S.W.2d 647 (Tex.1990) as being dispositive of the question, we disagree. It is true that in that case, as in the cause now before us, the State sought termination upon alleged violations of both subsections (D) and (E) of section 15.02(1) of the Texas Family Code. However, the question before the court in that case was whether, in view of the multiple allegations, the trial court erred in submitting the case on a single broad form question for each child, as was done here. However, while the court affirmed that procedure, the instructions given the jury concerning how to answer the questions were not challenged nor discussed by the appellate court. In this case, of course, it is the validity of the instructions rather than the form of the jury questions that are at issue.

■ None of the other civil cases cited by the parties involve questions analogous to the one before us, nor have we found such a case. However, it is well established in criminal jurisprudence that when alternative methods of committing a crime are alleged in an indictment conjunctively, a trial court does not err in charging the jury in the disjunctive. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992). Because of the similarity in the constitutional dimensions of procedural questions in civil cases involving termination of parental rights to those in criminal cases in which a depriva-

tion of liberty is sought, we find the reasoning employed in the criminal decisions instructive and determinative in this case.

The basis of the criminal holdings is that the actual question to be decided by the jury is whether the crime charged was committed. It is therefore appropriate, when the alternative theories of committing the crime are submitted to the jury disjunctively, for the jury to return a general verdict if the offense is sufficient to support a finding that the crime was committed under any of the theories submitted. *Kitchens,* 823 S.W.2d at 258.

Similarly, the determinative question here was whether appellant had engaged, either overtly or covertly, in conduct that endangered her children so that it was in the best interest of the children to terminate her parental rights. That being so, we hold that the court's disjunctive method of submitting alternative theories justifying the termination of appellant's parental rights was not error and does not require reversal, so long as the evidence was sufficient to support the jury's verdict. As we noted above, however, appellant does not challenge the sufficiency of the evidence to support the jury's verdict.

Both of appellant's points are overruled and the judgment of the trial court is affirmed.