# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00155-CV

**Phill Raije Rian, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
### NO. 06-2032-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING

## C O N C U R R I N G  O P I N I O N

I concur in the judgment only. The record in this case reflects that the Department moved to terminate appellant's parental rights to her two children on six alternative grounds. A finding on any one of these grounds, coupled with a finding that termination is in the best interest of the child, is sufficient to terminate parental rights. *See* Tex. Fam. Code Ann. § 161.001 (West 2008). Consistent with controlling precedent, the trial court submitted the cause upon broadform questions. *See* Tex. R. Civ. P. 277; *Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990) (approving of broadform submission in parental rights cases). Without specifying which of the six grounds it was relying on, the jury in this case answered the controlling question and found that it was in the best interest of the children to terminate appellant's parental rights. *See E.B.*, 802 S.W.2d at 649 (controlling question is whether parent-child relationship should

be terminated, not what specific ground or grounds jury relied on to answer affirmatively the questions posed). The trial court entered judgment on the jury's verdict.

Appellant challenges the trial court's judgment terminating her parental rights on the ground that her conviction was not final and, therefore, evidence relating to that conviction should not have been admitted or considered in determining whether to terminate her parental rights. But the evidence relating to appellant's conviction, even if not final, goes only towards two of the six grounds for termination alleged by the Department. Because there is sufficient evidence in the record before us to support the trial court's judgment on at least one of the four remaining grounds for termination alleged by the Department, I would affirm the trial court's judgment. *See* Tex. Fam. Code Ann. § 161.001(1); *In re Marriage of Hill*, 893 S.W.2d 753, 756 (Tex. App.—Amarillo 1995, writ ref'd).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   July 31, 2009

2