TEXAS DEPARTMENT OF HUMAN
SERVICES, et al., Petitioners,

v.

E.B., Respondent.

No. C–8617.

Supreme Court of Texas.

Oct. 10, 1990.

---

Jim Mattox, Delmar L. Cain, Sue Berkel, Suzanne Covington, John J. Sampson, Austin, for petitioners.

Leonard F. Green, Austin, for respondent.

## OPINION ON MOTION FOR REHEARING

COOK, Justice.

The Respondent's motion for rehearing is overruled. Our opinion of June 20, 1990, however, is withdrawn, and the following is substituted in its place.

The issue before this court is whether Rule 277 of the Texas Rules of Civil Procedure means exactly what it says, that is, "In all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions." Tex.R.Civ.P. 277. This issue arises in the context of a suit affecting the parent-child relationship in which the Texas Department of Human Services filed suit for termination of the parent-child relationship between the parents and their two female children. After a jury trial, using broad-form questions, the trial court rendered a decree of termination based upon the jury's verdict. The court of appeals reversed and remanded the cause, holding that multiple alternative submissions were proper. 766 S.W.2d 387. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The Texas Department of Human Services sued for termination of the parent-child relationship between the mother, Respondent E.B., and her two minor daughters.[1] The suit was based on alleged violations of the Texas Family Code § 15.02(1)(D), (E)

and on the ground that the termination would be in the best interest of the children, § 15.02(2). The district court signed a Final Decree of Termination based upon the jury's verdict. There is no complaint with respect to the sufficiency of the evidence supporting the verdict of the jury.

The judge submitted a single question for each child at trial, under the Texas Family Code § 15.02(1)(D), (E), as a broad-form submission required by this court in Rule 277. We approve of this question, which was taken from volume 5, section 218.01B of *Texas Pattern Jury Charges:*

### Question No. 1

Should the parent-child relationship between [Respondent E.B.] and the child [E.B.] be terminated?"

*Answer:* "Yes" or "No"

*Answer:* ———

### Question No. 2

Should the parent-child relationship between [Respondent E.B.] and the child [B.B.] be terminated?

*Answer:* "Yes" or "No"

*Answer:* ———

Accompanying these questions were instructions, substantially in accordance with volume 5, section 218.01A of *Texas Pattern Jury Charges,* including a description of the rights, privileges, duties, and powers of a parent and definitions of the terms "termination," "clear and convincing evidence," and "endanger." The crucial instructions basically track the statutory grounds for termination as set forth in the Texas Family Code § 15.02(1)(D), (E). Additionally, the jury was given a list of "some of the factors to consider in determining the best interest of the child" taken directly from *Holley v. Adams,* 544 S.W.2d 367, 371–72 (Tex.1976).

In *Fox v. Dallas Hotel Co.,* 111 Tex. 461, 475, 240 S.W. 517, 522 (1922), this court mandated the submission of "each issue distinctly and separately." Texas thus developed a very complicated system for is-

---

1. The parent-child relationship of the father and the two children was terminated based upon the father's voluntary Affidavit of Relinquishment of Parental Rights.

sue submission. In 1973, Rule 277 was amended and provided in part:

It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues.

By this amendment, the court replaced the previous language that required issues to be submitted "distinctly and separately." In *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245, 255 (Tex.1974), this court said the new rule meant what it said: simply ask whether the party was negligent. This court explained in a later decision that Rule 277 was designed to abolish the "distinctly and separately" requirement. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 937 (Tex.1980).

Acknowledging that there "may be some continuing question" about broad-form submissions, this court in *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 925 (Tex.1981), expressly overruled all of the cases that arose before the 1973 revisions and which followed the decisions in *Fox. See generally* Pope & Lowerre, *The State of the Special Verdict*, 11 St. Mary's L.J. 1 (1979). In the 1988 amendments to Rule 277 this court said broad-form submission "shall" be used "whenever feasible" and eliminated trial court discretion to submit separate questions with respect to each element of a case.

Rule 277 mandates broad form submissions "whenever feasible," that is, in any or every instance in which it is capable of being accomplished.

■ The history and struggle to recognize broad-form submission is a long one. The rule unequivocally requires broad-form submission whenever feasible. Unless extraordinary circumstances exist, a court must submit such broad-form questions. The court of appeals held that a single broad form question incorporating two independent grounds for termination of a parent-child relationship permits the state to obtain an affirmative answer without discharging the burden that the jury conclude that a parent violated one or more of the grounds for termination under the statute. Tex.Fam.Code § 15.02 (Vernon Supp. 1990); Tex.R.Civ.P. 292.

■ The charge in parental rights cases should be the same as in other civil cases. The controlling question in this case was whether the parent-child relationship between the mother and each of her two children should be terminated, not what specific ground or grounds under § 15.02 the jury relied on to answer affirmatively the questions posed. All ten jurors agree that the mother had endangered the child by doing one or the other of the things listed in § 15.02. Petitioner argues that the charge, as presented to the jury, violates her due process right by depriving a natural mother of her fundamental right to the care, custody and management of her children. Recognizing her rights does not change the form of submission. The standard for review of the charge is abuse of discretion, and abuse of discretion occurs only when the trial court acts without reference to any guiding principle. Here the trial court tracked the statutory language in the instruction and then asked the controlling question. This simply does not amount to abuse of discretion.

Broad-form questions reduce conflicting jury answers, thus reducing appeals and avoiding retrials. Rule 277 expedites trials by simplifying the charge conference and making questions easier for the jury to comprehend and answer.

Accordingly, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.