**In the Interest of Debra Juliann CARROLL, a Child.**

**No. 12–90–00001–CV.**

Court of Appeals of Texas, Tyler.

Oct. 18, 1991.

Jeff Herrington, Palestine, for appellant.

Paul Stafford, Terry Thorn, Douglas Lowe, Martin Lawrence, Palestine, for appellee.

COLLEY, Justice.

This is an appeal from a suit terminating the parent-child relationship of a mentally ill parent under the provisions of TEX.FAM. CODE § 15.024 (Vernon Supp.1991). The appellant raises two issues; (1) that the statute facially violates her equal protection and due process rights under the federal constitution, and as applied violates the prohibition of retroactive laws in the Texas constitution; and, (2) that the charge to the jury was "global" and allowed less than ten jurors to agree on all the facts necessary to support the finding. We will overrule the points of error and affirm the judgment of the trial court.

### Constitutional Issues

 On its face, this statute classifies mentally ill parents for a different application of the law. Therefore, applying the appropriate equal protection standard of review, we must determine if there is the proper degree of relationship between the classification and the governmental objective for the legislation. Legislation dealing with mentally ill persons falls within that area of general social welfare regulation that must be rationally related to a legitimate state interest. *See City of Cleburne v. Cleburne Learning Center,* 473 U.S. 432, 446, 105 S.Ct. 3249, 3257, 87 L.Ed.2d 313 (1985). The state has an interest in the welfare of all children. Preserving and promoting the welfare of any child is a legitimate state interest. *See Santosky v. Kramer,* 455 U.S. 745, 766, 102 S.Ct. 1388, 1401, 71 L.Ed.2d 599 (1980). This legitimate interest in the protection of any child includes the protection of children of parents suffering from mental illness or deficiency. Having determined there is a legitimate interest, we must determine if it is rationally related to that interest. Under the analysis of *City of Cleburne,* this Court can determine rationality by asking if the class is singled out for harsh treatment. *City of Cleburne,* 473 U.S. at 446, 105 S.Ct. at 3257. We find that it is not; to the contrary, under § 15.024 the mentally ill parent is given more protection against

arbitrary state action in a termination suit than are other parents. Also, we do not find the statute vague because there is no definition of mental illness.

■ The appellant is correct that a suit for termination of the parent-child relationship implicates due process rights. *See Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985). Before the state intrudes on the fundamental right of a parent to maintain a family, the constitutional requirement for due process calls for the state to prove the allegations by clear and convincing evidence. *See Santosky,* 455 U.S. at 767, 102 S.Ct. at 1402 (noting approval of clear and convincing evidence in termination cases involving mental illness). However, the TEXAS FAMILY CODE requires that the state show clear and convincing evidence of the elements of termination. TEX.FAM.CODE § 15.024 (Vernon Supp. 1991). Relying on *Santosky* and *Holick,* we find the statute meets due process and due course requirements.

■ The appellant complains that as applied to her, the statute is retroactive. That the mother was mentally ill and her child was born before the effective date of the statute does not mean the state is foreclosed from applying the statute to what exists after the effective date. The *suit* asking for termination was not filed until a year after the effective date of the statute and, on the record before us, this Court cannot say that facts existing only before the statute's effective date were retroactively applied.

### *Jury Charge*

■ The question submitted to the jury in this case was taken from the TEXAS PATTERN JURY CHARGES, Vol. 5, § 218.02B, and is for all practical purposes, identical to a charge which the Texas Supreme Court has specifically approved. *Texas Dept. of Human Serv. v. E.B.,* 802 S.W.2d 647 (Tex. 1990). That opinion binds this Court and we hold that the trial court properly charged the jury and did not commit error by refusing the jury instructions requested by the appellant.

The judgment of the trial court is affirmed.