Frazier 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00069-CV







Texas Board of Criminal Justice and the Texas Department 


of Criminal Justice, Appellants,



v.



Robert W. Frazier, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 472,528, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 Robert Frazier brought suit against the Texas Department of Criminal Justice
(formerly the Texas Department of Corrections, or "TDC") and the Texas Board of Criminal
Justice, alleging discrimination in violation of the Whistleblower Act ("the Act"). See Tex. Gov't
Code Ann. § 554.001. (1) After a jury trial, the trial court rendered judgment awarding Frazier
$16,000 actual damages, $15,000 exemplary damages, and his costs, plus pre- and postjudgment
interest. In one point of error, appellants contend that the trial court erred by submitting an
overly broad jury question which did not conform to appellee's pleadings. Because we conclude
that the jury question at issue was proper, we will affirm the trial court's judgment.

 While working as a sergeant at the Coffield prison unit, appellee observed evidence
of what he believed to be theft of government property by prison personnel. The next day
appellee reported his observations to TDC officials, including his supervisor; he also notified
outside authorities. Appellee alleged in his petition that after making this report, he applied for
over twenty promotions; each time the position was filled with a less qualified applicant. He
further alleged that, in addition to these instances, he applied for a promotion and on June 29,
1989 was passed over for a less qualified applicant. Appellee asserted in his petition that these
pass-overs were acts of retaliation in response to his reports of wrongdoing. 

 The first question of the court's charge asked, "Did the Texas Department of
Criminal Justice discriminate against Robert W. Frazier for reporting, in good faith, violations
of the law?" Appellants attack this question as being overly broad on two grounds. First, they
contend that it allowed appellee to recover on unpled theories which appellee raised for the first
time through the presentation of evidence at trial. See Texas Employers' Ins. Ass'n. v.
Dillingham, 262 S.W.2d 748, 752-53 (Tex. Civ. App.--Fort Worth 1953, writ ref'd n.r.e.)
(defendant "may not be compelled to defend against a theory of recovery as to which [the
defendant] has no prior notice."). Appellants also claim that the jury question improperly allowed
appellee to recover based on promotional pass-overs other than the specifically pled occurrence
on June 29, 1989. See Stone v. Lawyers Title Ins. Corp., 537 S.W.2d 55, 66 (Tex. Civ.
App.--Corpus Christi 1976), rev'd in part on other grounds, 554 S.W.2d 183 (Tex. 1977) (plaintiff
must recover, if at all, only upon facts stated in pleadings as basis for cause of action).

 The standard for review of jury charge error is abuse of discretion. Texas Dep't
of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990); Texas Dep't of Human Servs. v.
Green, 855 S.W.2d 136, 151 (Tex. App.--Austin 1993, writ denied). A trial court abuses its
discretion when it acts without reference to any guiding principle. E.B., 802 S.W.2d at 649. In
considering appellants' arguments, we are mindful that Texas Rule of Civil Procedure 277
"mandates broad form submissions `whenever feasible,' that is, in any or every instance in which
it is capable of being accomplished." Tex. R. Civ. P. 277; E.B., 802 S.W.2d at 649.

 At trial, appellee presented evidence that, after being turned down for numerous
promotions, one of the TDC officials to whom he originally reported the wrongdoing assigned
him to a position at a civilian hospital for a couple of years. Appellee's testimony reveals that this
job was mundane and undesirable. Appellants characterize this evidence as a "newly alleged" act
of discrimination. We disagree. Rather than establishing a new act of discrimination, evidence
of appellee's transfer to the hospital could be viewed as reflecting a feeling of ill-will towards
appellee, which provided a context for the jury to see the promotion pass-overs as retaliation. 
See, e.g., Green, 855 S.W.2d at 146 (investigation and prosecution of plaintiff, seemingly
initiated for harassment purposes, constituted evidence that termination was retaliatory). 
Appellee's counsel did not even mention the transfer when he discussed the first jury question in
closing argument; he brought it up only as a factor to consider in determining mental anguish
damages. In light of the minimal risk that the jury would consider the transfer as a separate act
of discrimination, we do not believe evidence of the transfer rendered the submission of the broad
form jury question infeasible. 

 Additionally, appellants claim that appellee introduced "new alleged reports of
violations of law" by presenting evidence of his "voiced dissatisfaction with various prison
practices." (2) These alleged complaints of dissatisfaction could not as a matter of law give rise to
a theory of recovery under the Act; to have a cause of action an employee must "report[] a
violation of law to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002
(West 1994) (emphasis added). Appellants do not suggest that appellee's complaints concerned
perceived violations of law, nor do they claim that he made them to a law enforcement authority. 
This evidence therefore could not have formed the basis for an affirmative answer to the first
question. 

 Appellants next contend that the jury question erroneously failed to limit the jury's
consideration to the specifically pled instance of appellee's failure to receive a promotion in June
1989. Appellants maintain that the question "should have been just as specific" as appellee's
pleading. The relevant portion of appellee's original petition reads, "Plaintiff asserts that these
several promotional pass-overs and particularly the June 29, 1989 rejection were acts of retaliation
against Plaintiff Frazier taken as a result of his theft report." This language unequivocally
reflected appellee's allegation that appellants retaliated against him by repeatedly refusing to
promote him. Appellee was entitled to have the jury consider these alleged acts in full to
determine whether they amounted to retaliation, and the broad form question properly facilitated
this consideration. 

 In a related argument, appellants claim the question improperly allowed the jury
to consider as a basis for recovery evidence of appellee's unsuccessful promotion attempts after
1989. Appellee did not allege these attempts in his pleadings, because he filed his original petition
in September 1989. "Variance between pleadings and proof entitle[s] one to complain only when
the `wide' variance is substantial, unwaived, and the opposite party has been mislead [sic],
surprised, and prejudiced." Burk Royalty Co. v. Walls, 616 S.W.2d 911, 924 (Tex. 1981). 
Appellee's petition apprised appellants of his theory that their repeated failure to promote him
amounted to retaliation against him. Any instances after September 1989 where appellee was
passed over for a promotion would not lose their alleged retaliatory character simply based on the
passage of time. We do not consider the variances between the pled incidents and post-1989
incidents to be substantial, and because appellee pled a series of promotional pass-overs as
retaliation, we do not believe appellants were prejudiced by the variance. 

 Appellants' point of error is overruled, and the judgment of the trial court is
affirmed.


 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: October 11, 1995

Do Not Publish 
1.   At the time appellee initiated this lawsuit, the Act was found at Texas Revised Civil
Statutes article 6252-16a. Because the recodification of the Act in the Government Code
effected no substantive change in the law, we cite the current code for convenience. See Act
of Apr. 30, 1993, 73d Leg., R.S., ch. 268, §§ 46(1), 47, 1993 Tex. Gen. Laws 583, 986.
2.   Appellants do not direct us to any part of the record where appellee introduced this
evidence. For purposes of our analysis, we will assume that this characterization is accurate.



and prosecution of plaintiff, seemingly
initiated for harassment purposes, constituted evidence that termination was retaliatory). 
Appellee's counsel did not even mention the transfer when he discussed the first jury question in
closing argument; he brought it up only as a factor to consider in determining mental anguish
damages. In light of the minimal risk that the jury would consider the transfer as a separate act
of discrimination, we do not believe evidence of the transfer rendered the submission of the broad
form jury question infeasible. 

 Additionally, appellants claim that appellee introduced "new alleged reports of
violations of law" by presenting evidence of his "voiced dissatisfaction with various prison
practices." (2) These alleged complaints of dissatisfaction could not as a matter of law give rise to
a theory of recovery under the Act; to have a cause of action an employee must "report[] a
violation of law to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002
(West 1994) (emphasis added). Appellants do not suggest that appellee's complaints concerned
perceived violations of law, nor do they claim that he made them to a law enforcement authority. 
This evidence therefore could not have formed the basis for an affirmative answer to the first
question. 

 Appellants next contend that the jury question erroneously failed to limit the jury's
consideration to the specifically pled instance of appellee's failure to receive a promotion in June
1989. Appellants maintain that the question "should have been just as specific" as appellee's
pleading. The relevant portion of appellee's original petition reads, "Plaintiff asserts that these
several promotional pass-overs and particularly the June 29, 1989 rejection were acts of retaliation
against Plaintiff Frazier taken as a result of his theft report." This language unequivocally
reflected appellee's allegation that appellants retaliated against him by repeatedly refusing to
promote him. Appellee was entitled to have the jury consider these alleged acts in full to
determine whether they amounted to retaliation, and the broad form question properly facilitated
this consideration. 

 In a related argument, appellants claim the question improperly allowed the jury
to consider as a basis for recovery evidence of appellee's unsuccessful promotion attempts after
1989. Appellee did not allege these attempts in his pleadings, because he filed his original petition
in September 1989. "Variance between pleadings and proof entitle[s] one to complain only when
the `wide' variance is substantial, unwaived, and the opposite party has been mislead [sic],
surprised, and prejudiced." Burk Royalty Co. v. Walls, 616 S.W.2d 911, 924 (Tex. 1981). 
Appellee's petition apprised appellants of his theory that their repeated failure to promote him
amounted to retaliation against him. Any instances after September 1989 where appellee was
passed over for a promotion would not lose their alleged retaliatory character simply based on the
passage of time. We do not consider the variances between the pled incidents and post-1989
incidents to be substantial, and because appellee pled a series of promotional pass-overs as
retaliation, we do not believe appellants were prejudiced by the variance. 

 Appellants' point of error is overruled, and the judgment of the trial court is
affirmed.