# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00123-CV

**John Click and Kristen Click, Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 09-13254, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants John and Kristen Click appeal from the trial court's order terminating their parental rights to their two children, K.C. and A.C. The Clicks argue that the jury charge in the termination proceeding violated their due-process rights by instructing the jurors that they did not need to agree on the specific grounds for termination in order to find that the Clicks' parental rights should be terminated. We affirm the order of termination.

## BACKGROUND

The Texas Department of Family and Protective Services first became involved with the Clicks when John and Kristen's oldest child, K.C., tested positive for marijuana at birth. Approximately five months later, K.C.'s pediatrician, Dr. Neal Spears, reported to the Department that he smelled the odor of marijuana on Kristen's person during an office visit. When K.C. exhibited difficulty crawling at the age of nine months, the Clicks took her to the emergency room,

where it was discovered that she had suffered a spiral tibia fracture. Hospital staff reported K.C.'s injury to the Department, noting concern that the injury was inconsistent with the Clicks' explanation that K.C. had gotten her foot caught between bars in her crib. Due to the possibility of abuse, the hospital conducted a full-body x-ray of K.C., which revealed that she also had two healing rib fractures and a healing wrist fracture. When questioned, the Clicks attributed the rib and wrist injuries to an incident in which K.C. had fallen out of a toy referred to as an "exersaucer." John Click also admitted to an incident in which he "might have squeezed" K.C. in an attempt to make her stop crying, but stated that he did not believe this incident caused K.C.'s injuries. Shortly after K.C.'s visit to the emergency room, Spears noted during a check-up appointment with K.C. that she had lost an excessive amount of weight for her age, and diagnosed her as "failing to thrive." Spears, who testified at trial, believed K.C.'s weight loss to be the result of inadequate nutrition. Both of the Clicks self-reported to the Department that they had used marijuana since K.C.'s birth.[1] They also reported that K.C.'s grandmother, a member of the Clicks' household, used marijuana frequently.

Citing K.C.'s injuries and the Clicks' inability to provide what it considered to be an adequate explanation for those injuries, the Department sought and obtained an emergency order removing K.C. from the Clicks' home. At the time of K.C.'s removal, Kristen was pregnant with

---

[1] John Click testified that he had been required to complete a substance-abuse program after testing positive for cocaine and marijuana during his military career. Kristen Click was required to complete a substance-abuse assessment and parenting class as a result of K.C. testing positive for marijuana at birth.

A.C. Due to the concerns that K.C. had been physically abused, A.C. was removed from the Clicks' home immediately after his birth.

The Department initiated permanent termination proceedings against both John and Kristen Click on the grounds that they had (1) knowingly placed or knowingly allowed K.C. and A.C. to remain in conditions or surroundings that endangered their well-being, (2) engaged in conduct or knowingly placed K.C. and A.C. with persons who engaged in conduct that endangered their well-being, and (3) used a controlled substance in a manner that endangered the health or safety of the children, and either failed to complete a court-ordered substance-abuse treatment program or continued to abuse a controlled substance after completion of a court-ordered substance-abuse treatment program. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (P) (West Supp. 2009) (grounds for involuntary termination of parental rights). Of relevance to this appeal, the jury charge included the following language:

> For the parent child relationship in this case to be terminated . . . , ten or more of you must find that at least one of the following grounds have been proven by clear and convincing evidence. All ten jurors do not have to agree on the same ground or grounds.

The charge then described the three statutory grounds on which the Department sought to terminate John and Kristen's parental rights.[2] After hearing the evidence, the jury returned with a unanimous

---

[2] The charge also instructed the jury that the Clicks' parental rights could not be terminated as to either child unless the State had proven by clear and convincing evidence that termination was in the best interest of that particular child. *See* Tex. Fam. Code Ann. § 161.001(2) (West Supp. 2009).

3

verdict recommending that Kristen's and John's parental rights be terminated as to both K.C. and A.C.

In a single issue on appeal, the Clicks assert that the jury charge language quoted above violated their due-process rights because it allowed the jury to recommend termination of their parental rights without reaching a unanimous verdict as to any particular ground for termination. The Clicks do not challenge the sufficiency of the evidence to support any of the three alleged grounds for termination or the finding that termination was in the best interest of the children.

**STANDARD OF REVIEW**

The standard of review for jury charge error is abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (per curiam). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

**DISCUSSION**

In their sole issue on appeal, the Clicks take issue with the language in the jury charge instructing the jurors that they need not agree on the statutory grounds for termination in order to reach a finding that the Clicks' parental rights should be terminated. Because the Department sought termination on three different statutory grounds, the jury could have disagreed as to which ground the Department had proven by clear and convincing evidence, but nevertheless reached a verdict of

termination. The Clicks take the position that this instruction allowed for a less-than-unanimous verdict and therefore violated their due process rights.

This issue was addressed and settled by the Texas Supreme Court in *Texas Department of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990) (op. on reh'g). In *E.B.*, an appeal from a termination of parental rights, the charge required the jury to answer "yes" or "no" to the question of whether the parent-child relationship between a mother and her two children should be terminated, but did not require the jurors to agree on which of the two alleged statutory grounds for termination had been proven. *Id.* at 648. The court of appeals considered the charge to be improper because it permitted the State "to obtain an affirmative answer without discharging the burden that the jury conclude that a parent violated one or more of the grounds for termination under the statute." *Id.* at 649. The supreme court disagreed and reversed, citing Texas Rule of Civil Procedure 277, which states that "[i]n all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions." *Id.* (citing Tex. R. Civ. P. 277). The court further explained:

> The controlling question in this case was whether the parent-child relationship between the mother and each of her two children should be terminated, not what specific ground or grounds under [the predecessor to family code section 161.001] the jury relied on to answer affirmatively the questions posed. All ten jurors agree that the mother had endangered the child by doing one or the other of the things listed in [the predecessor to section 161.001]. Respondent argues that the charge, as presented to the jury, violates her due process right by depriving a natural mother of her fundamental right to the care, custody and management of her children. Recognizing her rights does not change the form of submission. . . . Here the trial court tracked the statutory language in the instruction and then asked the controlling question. This simply does not amount to abuse of discretion.

*Id. E.B.* has not been revisited by the supreme court and remains the controlling law on this issue.

5

The Clicks argue, however, that *E.B.* should be reconsidered in light of *Crown Life Insurance Co. v. Casteel*, in which the supreme court held that it was error to commingle valid and invalid theories of recovery in a broad-form jury question. 22 S.W.3d 378, 388-90 (Tex. 2000). The court's holding in *Casteel* was based on the fact that when invalid grounds for recovery are included in a broad-form submission, a reviewing court cannot "conclude that the jury's answer was not based on one of the improperly submitted theories." *Id.* at 389. This analysis is inapplicable to the present case, as the Clicks do not argue that any of the three statutory grounds for termination alleged by the Department were invalid or unsupported by the evidence. Further, this Court has previously rejected the argument that *Casteel* casts doubt on the holding of *E.B.*, stating, "Until the supreme court holds that ten jurors must agree that a particular ground justifying termination exists, we conclude that judgments based on broad-form submission of valid grounds are acceptable." *Thornton v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-01-00317-CV, 2002 Tex. App. LEXIS 1386, at *10 (Tex. App.—Austin Feb. 22, 2002, pet. denied) (not designated for publication); *see also Carr v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-03-00273-CV, 2004 Tex. App. LEXIS 92, at *19 (Tex. App.—Austin Jan. 8, 2004, pet. denied) (mem. op.).[3] Because it remains true that the

_____

[3] Other courts of appeals have also reached this conclusion when faced with the argument that the viability of *E.B.* was called into question by *Casteel*. *See In re J.M.M.*, 80 S.W.3d 232, 249 (Tex. App.—Fort Worth 2002, pet. denied), *disapproved of on other grounds by In re J.F.C.*, 96 S.W.3d 256, 267 n.39 (Tex. 2002) ("Without further guidance from the supreme court, it is difficult to see how [*Casteel*] necessarily impacts the holding in *E.B.* that a broad-form submission of multiple grounds for termination comports with due process."); *In re K.S.*, 76 S.W.3d 36, 48-49 (Tex. App.—Amarillo 2002, no pet.). In contrast, the Waco court of appeals has cited *Casteel* in support of its holding that a violation of due process occurs when multiple grounds for termination are submitted in a broad-form question absent an instruction that the jurors must agree on the particular ground or grounds for termination. *See In re B.L.D.*, 56 S.W.3d 203, 219-20 (Tex. App.—Waco 2001), *rev'd*, 113 S.W.3d 340 (Tex. 2003). The Waco court's decision in *B.L.D.* was

supreme court has not held that ten jurors must agree on a particular ground for termination, we again conclude that judgments based on broad-form submission of valid grounds for termination are acceptable.

While the Clicks argue that the supreme court has "signaled a willingness to retreat from *E.B.*," it has not done so.[4]  Thus, we continue to be bound by the holding of *E.B.  See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) (stating that it "is not the function of a court of appeals to abrogate or modify established precedent" once supreme court has announced proposition of law).  We therefore conclude that the jury charge in this case, which tracked the language of the statute and asked the controlling question of whether parental rights should be terminated, did not violate due process.  *See E.B.*, 802 S.W.2d at 649.  We overrule the Clicks' point of error on appeal.

We note that at the post-trial hearing on the Clicks' statement of points of appeal, *see* Tex. Fam. Code Ann. § 263.405(d) (West 2008), the trial court expressed concern that while broad-form submissions are allowed under *E.B.*, it may nevertheless be improper to instruct jurors that they need not agree on any particular ground for termination.  We resolve this concern by pointing to the

_____

later reversed by the supreme court on the ground that the charge-error complaint had not been properly preserved for appellate review.  *See B.L.D.*, 113 S.W.3d at 349-55.

[4] In support of their claim that the supreme court has "signaled a willingness to retreat from *E.B.*," the Clicks cite *B.L.D.*, 113 S.W.3d at 348 n.8.  The cited footnote contains a string citation to court of appeals decisions expressly disagreeing with the Waco court's holding in *B.L.D.  See id.*; *see also B.L.D.*, 56 S.W.3d at 219-20.  We are unconvinced that this footnote supports the Clicks' claim, particularly given the supreme court's statement in *B.L.D.* that, while the jury charge issue had not been properly preserved, "the charge in this case follows our precedent in *E.B.*, tracks the statutory language of the Family Code, and comports with Texas Rules of Civil Procedure 277 and 292."  113 S.W.3d at 354-55.

7

language in *E.B.* emphasizing that the "controlling question" is whether a parent's parental rights should be terminated, not the specific grounds upon which they should be terminated. *E.B.*, 802 S.W.2d at 649; *see also id.* ("All ten jurors agree that the mother had endangered the child by doing *one or the other* of the things listed in [the statute governing termination].") (emphasis added); *Thornton*, 2002 Tex. App. LEXIS 1386, at *10 (determining that broad-form submission is acceptable under *E.B.* "[e]ven if jurors find that different actions by the parent justify termination"). In light of this language in *E.B.*, we hold that due process allows jurors to agree that at least one of the alleged grounds for termination has been proven without reaching an agreement as to any particular ground. Thus, because the law does not require jurors to agree on the specific ground for termination, it was not an abuse of discretion to instruct the jury accordingly.

## CONCLUSION

We affirm the order of termination.

_____

Diane M. Henson, Justice

Before Justices Patterson, Pemberton and Henson

Affirmed

Filed:   October 8, 2010

8