# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00273-CV

J. A. B., Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-FM-11-004474, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

Appellant J.A.B. appeals the trial court's final decree terminating his parental rights to his child, L.I.B., following a jury trial.[1] *See* Tex. Fam. Code § 161.001. The jury found by clear and convincing evidence three predicate grounds and that termination of appellant's parental rights was in the best interest of his child. *See id.* § 161.001(1)(D), (E), (O), (2). The trial court rendered a final decree of termination on the jury's verdict. For the reasons that follow, we affirm the trial court's final decree of termination.[2]

---

[1] We use initials to refer to appellant and his child. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

[2] The trial court terminated the parental rights of the mother based upon her execution of an affidavit of relinquishment of parental rights. *See* Tex. Fam. Code §§ 161.001(K), .103 (affidavit of voluntary relinquishment of parental rights). The mother has not appealed the final decree of termination.

Appellant raises two issues concerning the jury charge. The charge contained only questions of termination, and the jury returned a verdict that terminated appellant's parental rights under each of the three predicate grounds submitted to the jury. *See id.* § 161.001(1)(D), (E), (O), (2). Appellant's issues do not challenge the questions that were submitted to the jury but the omission of questions. In his first issue, appellant contends that the trial court abused its discretion when it omitted questions of conservatorship from the jury charge and, in his second issue, he contends that the trial court's error in omitting questions of conservatorship caused him harm. *See* Tex. R. App. P. 44.1(a)(1) (standard for reversible error in civil cases). He argues that he has a statutory right under section 105.002 of the family code and a constitutional right under article I, section 15 of the Texas Constitution to have the jury determine whether or not he should be appointed as a conservator as an alternative to termination. *See* Tex. Const. art. I, § 15 (providing right to trial by jury); Tex. Fam. Code § 105.002(c)(1)(A)–(C) (providing that "a party is entitled to a verdict by the jury and the court may not contravene a jury verdict on the issues of . . . the appointment of [conservators]").

Appellant further contends that questions of conservatorship were raised by the written pleadings and supported by the evidence. *See* Tex. R. Civ. P. 277, 278 (directing trial court to submit questions, instructions, and definitions that are "raised by the written pleadings and the evidence" and that are "proper to enable the jury to render a verdict"). His pleadings included a counter-petition requesting that he be appointed managing conservator or, alternatively, possessory

2

conservator, and he contends that there was sufficient evidence to support findings that he was a good father and bonded with his child.[3]

We review a trial court's submission of jury questions under an abuse of discretion standard. *Ayala v. Texas Dep't of Family & Protective Servs.*, No. 03-09-00121-CV, 2010 Tex. App. LEXIS 7689, at *8 (Tex. App.—Austin Sept. 16, 2010, no pet.) (mem. op.) (citing *Rosell v. Central W. Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex. App.—Dallas 2002, pet. denied)). A trial court abuses its discretion when it acts unreasonably or "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "The trial court has broad discretion in submitting jury questions, subject only to the limitation that controlling issues of fact must be submitted to the jury." *Ayala*, 2010 Tex. App. LEXIS 7689, at *8 (citation omitted); *see also Triplex Comms. v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995) ("If an issue is properly pleaded and is supported by some evidence, a litigant is entitled to have controlling questions submitted to the jury." (citations omitted)).

In the context of a parental termination case, this Court has squarely addressed the issue of whether a trial court abuses its discretion when it refuses to submit jury questions concerning conservatorship. *See Ayala*, 2010 Tex. App. LEXIS 7689, at *10–11. In that case, we rejected the appellant parent's contention that sections of the family code, including section 105.002, gave her the right to have the jury consider naming her conservator as an alternative to termination. We explained:

---

[3] At trial, the Department was not seeking to be named conservator in the absence of termination.

> The controlling question in this case was whether [the mother]'s parental rights should be terminated. *See Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *In the Interest of J.T.G.*, 121 S.W.3d 117, 129 (Tex. App.—Fort Worth 2003, no pet.) ("In parental termination cases, the controlling question is whether the relationship between the parent and each child should be terminated."). The trial court "asked the controlling question," so it did not abuse its discretion by refusing to submit additional questions. *E.B.*, 802 S.W.2d at 649.

*Id.* at *11; *see also In the Interest of J.T.G.*, 121 S.W.3d at 129 ("It is well settled law that a jury charge that tracks the statutory language and then asks the controlling question does not amount to an abuse of discretion." (citing *E.B.*, 802 S.W.2d at 649)). Similarly, in this case, the trial court "asked the controlling question[s]" concerning termination of appellant's parental rights. Thus, it did not abuse its discretion by refusing to submit additional questions concerning conservatorship. *See Ayala*, 2010 Tex. App. LEXIS 7689, at *10–11. We overrule appellant's first issue.[4]

Having overruled appellant's dispositive issue, we affirm the trial court's final decree of termination.

---

[4] Because we conclude that the trial court did not abuse its discretion when it did not include questions of conservatorship in the jury charge, we do not reach appellant's second issue concerning harm based upon the omission of questions of conservatorship. *See* Tex. R. App. P. 44.1(a), 47.1 (appellate courts "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). We also do not reach the Department's arguments concerning preservation of appellant's issues. *See* Tex. R. App. P. 47.1; Tex. R. Civ. P. 274 (addressing preservation of objections and requests to jury charge).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed:   August 14, 2013

5