**Affirmed and Opinion Issued March 11, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-01552-CV**

## IN THE INTEREST OF C.G., III AND T.B., CHILDREN

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-1115-W-304th**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

The Texas Department of Family and Protective Services petitioned to terminate the parental rights of the mother and fathers to C.G. III and T.B. Following a ten-day jury trial, the trial court terminated Mother's rights to both children and Father's rights to T.B. The trial court did not terminate C.G. III's father's parental rights, and he is not a party to this appeal. In three issues, Father and Mother contend (1) the trial court erred by denying their motions for leave to file amended pleadings to name managing conservators for their children and by denying their requested jury charge on conservatorship, and (2) to the extent the complaints raised in their first two issues were waived, they claim they received ineffective assistance of counsel at trial. Father raises an additional point, claiming he is entitled to a supplemental clerk's record containing a copy of his requested jury charge. Neither parent challenges the sufficiency of the evidence to support the terminations. We affirm.

In his third issue, Father claims the parties' requested jury charge is lost and we must remand for a hearing on what constitutes an accurate copy. On February 6, 2014, in response to this Court's request, the district clerk filed a supplemental record containing a copy of the parents' proposed charge of the court. Because the record now contains the parents' requested jury charge, we conclude Father's third issue is moot.

In their second issue, Mother and Father contend the trial court abused its discretion by refusing to submit a jury issue regarding managing conservatorship of each child when the issue was properly pleaded or, alternatively, tried by consent.

We review a trial court's submission of jury questions under an abuse of discretion standard. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (per curiam). The trial court has broad discretion in submitting jury questions, subject only to the limitation that controlling issues of fact must be submitted to the jury. *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex. App.—Dallas 2002, pet. denied); *see also Triplex Commc'ns. v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995) ("If an issue is properly pleaded and is supported by some evidence, a litigant is entitled to have controlling questions submitted to the jury.").

In the context of a parental termination case, the controlling question is whether a parent's rights should be terminated. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990) (op. on reh'g); *see Ayala v. Tex. Dept. of Family & Regulatory Servs.*, No. 03-09-00121-CV, 2010 WL 3672351, at *4 (Tex. App—Austin Sept. 16, 2010, no pet.) (mem. op.) (because controlling question in case was whether appellant's parental rights should be terminated, appellant not entitled to question concerning conservatorship); *In the Interest of J.T.G.*, 121 S.W.3d 117, 129 (Tex. App.—Fort Worth 2003, no pet.) (in parental termination cases, controlling question is whether relationship between parent and each child should be terminated). Here, the trial court asked the controlling question and did not abuse its discretion

by refusing to submit additional questions. *See E.B.*, 802 S.W.2d at 649. We overrule Mother's and Father's second issue. In reaching this conclusion, we need not address their first and third issues.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.G. III AND T.B.,
CHILDREN, Appellant

No. 05-13-01552-CV

On Appeal from the 304th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-1115-W-304th.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of March, 2014.

/Molly Francis/

MOLLY FRANCIS
JUSTICE