

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00164-CV

———————————————

IN THE INTEREST OF J.S. AND R.S., CHILDREN

---

On Appeal from County Court at Law No. 1
Wichita County, Texas
Trial Court No. 12806-JR-E

---

Before Pittman, Gabriel, and Kerr, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

A jury found that the parent-child relationships between K.S. (Father) and L.H. (also known as L.W. but hereinafter as Mother) and their daughters J.S. and R.S. (the girls) should be terminated, and the trial court signed a judgment terminating those relationships in accordance with the jury verdict. Because neither parent preserved the sufficiency complaints they raise on appeal, we affirm the trial court's judgment.

## I. PROCEDURAL BACKGROUND

In its petition to terminate Mother's and Father's parental rights to the girls, the Texas Department of Family and Protective Services (TDFPS) alleged six section 161.001, subsection (b)(1) termination grounds (conduct grounds) against each parent and also alleged that termination of the parent-child relationships was in the girls' best interests. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (K), (N), (O), (P), (2) (West Supp. 2018). After TDFPS rested its case in chief, Father moved for a directed verdict on the endangerment grounds, subsections (D) and (E). *See id.* § 161.001(b)(1)(D), (E). The trial court denied that motion.

In the jury charge conference, both parents objected to broad-form submission. The parents argued that broad-form submission could result in an unfavorable verdict (1) not unanimous as to the underlying conduct ground and (2) unassailable on appeal because its basis would be unclear. Father also complained that broad-form submission violated his rights to due process. Neither parent mentioned best interests. Both parents recognized that the Texas Supreme Court has

2

upheld broad-form submission in termination cases. *See Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 648–49 (Tex. 1990) (op. on reh'g). The trial court overruled the objections.

The jury was charged on best interests and three conduct grounds—the endangerment grounds and failure to comply with a court order specifying actions the parents needed to take for reunification. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2). Answering the broad-form jury questions, the jury found that the parent-child relationships between Mother and Father and the girls should be terminated. In its judgment terminating the parent-child relationships, the trial court found that termination of Father's and Mother's parental rights was in the girls' best interests and that Father and Mother had each:

> 6.2.1. knowingly placed or knowingly allowed [the girls] to remain in conditions or surroundings which endanger[ed their] physical or emotional well-being . . . ;
>
> 6.2.2. engaged in conduct or knowingly placed [the girls] with persons who engaged in conduct which endanger[ed their] physical or emotional well-being . . . ; [and]
>
> 6.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary . . . to obtain [the girls'] return[, when they had] been in the permanent or temporary managing conservatorship of [TDFPS] for not less than nine months as a result of [their] removal from the parent[s] . . . for . . . abuse or neglect[.]

*See id.*

## II.    DISCUSSION

Mother and Father each raise one issue contending that the evidence is legally and factually insufficient to support the trial court's respective best-interest finding. *See id.* § 161.001(b)(2). They do not challenge the respective endangerment and noncompliance findings. *See id.* § 161.001(b)(1)(D), (E).

### A.    Neither Parent Preserved a Legal Sufficiency Challenge to the Best-Interest Finding.

In a jury trial, a no-evidence complaint is preserved through one of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992); *see also In re D.J.J.*, 178 S.W.3d 424, 426–27 (Tex. App.—Fort Worth 2005, no pet.). Although Father moved for a directed verdict on the endangerment grounds—subsections (D) and (E)—and Father and Mother both objected to broad-form submission of the conduct grounds—(D), (E), and (O)—to the jury, neither parent moved in open court or filed a written motion challenging the sufficiency of the best-interest evidence or challenging the best-interest finding, and neither parent objected to the jury charge on the ground that the evidence was legally insufficient to support submission of the best-interest issue to the jury. Therefore, Father and Mother have forfeited their complaints that the evidence is legally insufficient to support the best-

interest findings against them. *See D.J.J.*, 178 S.W.3d at 426–27; *In re B.K.D.*, 131 S.W.3d 10, 15 (Tex. App.—Fort Worth 2003, pet. denied); *see also In re J.V.*, No. 02-15-00036-CV, 2015 WL 4148500, at *2 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.).

## B.   Neither Parent Preserved a Factual Sufficiency Challenge to the Best-Interest Finding.

A complaint that the evidence is factually insufficient to support a jury answer, or that the answer is against the overwhelming weight of the evidence, must have been raised in a motion for new trial. Tex. R. Civ. P. 324(b)(2)–(3); *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). Neither Mother nor Father filed a motion for new trial. Because a motion for new trial is a prerequisite to a factual sufficiency challenge in a jury trial, Mother and Father have forfeited their complaints that the evidence is factually insufficient to support the best-interest findings against them. *See* Tex. R. Civ. P. 324(b)(2)–(3); *In re A.J.L.*, 136 S.W.3d 293, 301 (Tex. App.—Fort Worth 2004, no pet.); *see also J.V.*, 2015 WL 4148500, at *1.

Accordingly, we overrule the sole issue of each parent.

## III.   CONCLUSION

Having overruled Father's only issue and Mother's only issue, we affirm the trial court's judgment.

5

Per Curiam

Delivered:  November 8, 2018