**Affirmed and Majority and Dissenting Opinions filed October 15, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00440-CV

### ROEL SAENZ-GUERRERO, Appellant

### V.

### JEFFREY GARDNER, Appellee

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2016-54364**

## M A J O R I T Y   O P I N I O N

Appellant Roel Saenz-Guerrero and appellee Jeffrey Gardner were involved in a vehicle collision and Saenz-Guerrero sued Gardner for negligence. The parties proceeded to trial and the jury returned a verdict in Gardner's favor. Saenz-Guerrero appealed and asserts error in the trial court's jury charge. We overrule Saenz-Guerrero's challenge and affirm the trial court's final judgment.

BACKGROUND

In the early-morning hours of August 20, 2015, Saenz-Guerrero was driving to work in stop-and-go traffic. Saenz-Guerrero brought his truck to a complete stop and was rear-ended by a vehicle driven by Gardner. Saenz-Guerrero's truck sustained damaged on its bumper and tailgate and Saenz-Guerrero went to the hospital that evening for neck and back pain. Several days later, Saenz-Guerrero saw a chiropractor for his back pain and was prescribed various treatments, including electric shocks, injections, and physical therapy. According to Saenz-Guerrero, he continues to have lower back pain and his doctor has recommended surgery.

Saenz-Guerrero sued Gardner for negligence and the parties proceeded to a jury trial. After the parties rested, the trial court instructed the jury as follows:

Question No. 1

Did the negligence, if any, of Jeffrey Gardner proximately cause the injuries in question?

Answer "Yes" or "No."

Answer: _____

If you have answered "Yes" to Question No. 1, then answer the following question. Otherwise, do not answer the following question.

Question No. 2

What sum of money, if paid now in cash, would fairly and reasonably compensate Roel Saenz-Guerrero for his injuries, if any, that resulted from the occurrence in question?

Question No. 2 also included six different categories of damages with a blank after each category.

During deliberations, the jury sent out the following question: "Can you

2

clarify the term 'injuries' in question?  What specific injuries, if any, does this refer to?"  The trial court's response stated:  "In answer to your question, I instruct you to be guided by the instructions in the charge."  After additional deliberations, the jury returned its verdict and answered "No" to Question No. 1.  The jury did not respond to the damages elements in Question No. 2.

Saenz-Guerrero filed a motion for new trial challenging the wording of Question No. 1.  The trial court denied the motion for new trial and Saenz-Guerrero timely appealed.

ANALYSIS

In his sole issue on appeal, Saenz-Guerrero challenges the use of the term "injuries" in Question No. 1 and asserts (1) the question did not accurately state the law; and (2) the pleadings and evidence did not raise a question of proportionate responsibility.  We address these issues below.

## I. Saenz-Guerrero Did Not Preserve His Challenge Regarding Question No. 1's Alleged Misstatement of the Law.

Challenging the plural form of "injuries" as used in Question No. 1, Saenz-Guerrero argues Question No. 1 instructed the jury that it could not award damages for any of Saenz-Guerrero's injuries unless it determined that *all* of Saenz-Guerrero's injuries were proximately caused by Gardner's negligence.  Arguing that this question misstates the applicable law, Saenz-Guerrero contends the jury should have been permitted to "find that some but not all injuries were caused by an occurrence and award damages accordingly."

To preserve a charge error complaint for appellate review, a party must "point out distinctly the objectionable matter and the grounds of the objection" before the charge is read to the jury.  Tex. R. Civ. P. 272, 274; *see also Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60,

3

69 (Tex. App.—Houston [14th Dist.] 1996), *aff'd*, 975 S.W.2d 546 (Tex. 1998). "Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." *Id.* Generally, preservation of error requires the objecting party to make a complaint "timely and plainly" and obtain a ruling from the trial court. *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007).

A charge error objection does not meet Rule 274's requirements unless the alleged error and the grounds of the objection are stated specifically enough to show the trial court was fully cognizant of the objection's basis and deliberately chose to overrule it. *Bishop v. Miller*, 412 S.W.3d 758, 782 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Cont'l Cas. Co. v. Baker*, 355 S.W.3d 375, 383 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Therefore, the objecting party must clearly designate the alleged error and specifically explain the basis of its objection. *Burbage v. Burbage*, 447 S.W.3d 249, 256 (Tex. 2014). Objections to the charge and requests for instructions must comport with the arguments made on appeal. *See id.* at 257-58 (objection that asked for a question addressing the falsity of certain statements did not preserve issue alleging that those statements were entitled to a qualified privilege); *see also Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 603 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Carousel's Creamery, L.L.C. v. Marble Slab Creamery, Inc.*, 134 S.W.3d 385, 404-05 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd).

At the charge conference, Saenz-Guerrero's counsel asserted the following objection to Question No. 1:

> Your Honor, plaintiff objects or, alternatively, would request a change in the word "injuries" in Question Number 1.
>
> Following the *Nabors versus Nabors* Texas Supreme Court case from 2015 about submission of "injuries" versus "occurrence," injuries is to

4

be used for instances where there is comparative negligence or there is preoccurrence or postoccurrence negligence that could have contributed to the injuries.

For example, in the *Nabors versus Nabors* case, the issue was that the plaintiff was not wearing a seat belt, which could have exacerbated the injuries; and hence, that was why the court used that.

So I would request that the standard PJC "occurrence" be used as opposed to "injuries."

The trial court overruled Saenz-Guerrero's objection.

Saenz-Guerrero's objection challenged Question No. 1's use of the term "injuries" only on grounds of comparative, pre-, and post-occurrence negligence, ***not*** on the grounds that the term "injuries" was either patently or latently ambiguous. This objection did not challenge Question No. 1's use of "injuries" on the basis Saenz-Guerrero argues for the first time that the plural form of "injuries" set up an improper predicate finding that necessitated proving that ***all*** of Saenz-Guerrero's injuries were proximately caused by Gardner's negligence. Because Saenz-Guerrero did not clearly designate this alleged error, he did not preserve the issue for appellate review. *See, e.g., Burbage*, 447 S.W.3d at 257-58; *Bayer Corp.*, 214 S.W.3d at 603; and *Carousel's Creamery, L.L.C.*, 134 S.W.3d at 404-05.

Moreover, during deliberations, the jury sent out a note asking the trial court: "Can you clarify the term 'injuries' in question? What specific injuries, if any, does this refer to?" Commenting on the jury's question, Gardner's counsel stated that "the charge instructs [the jury] sufficiently; and all the evidence is before them to answer that question based on what they have." Saenz-Guerrero's counsel responded: "I would agree with [Gardner's counsel], your honor." Both parties' attorneys agreed with the trial court's response to the jury's note, which stated: "In answer to your question, I instruct you to be guided by the instructions in the charge."

5

Although the jury specifically questioned the use of "injuries," Saenz-Guerrero's counsel did not raise the objection he now asserts on appeal. Accordingly, this issue was not preserved for appellate review. *See Bayer Corp.*, 214 S.W.3d at 603; *cf. Wilson v. E. Tex. Med. Ctr.*, No. 12-13-00311-CV, 2014 WL 4215877, at \*3-4 (Tex. App.—Tyler Aug. 27, 2014, no pet.) (mem. op.) (appellant failed to preserve complaint challenging trial court's response to jury note where appellant "acquiesced to the trial court's response").

## II. Question No. 1's Use of "Injuries" Was Not an Abuse of Discretion in the Absence of Evidence of Comparative Negligence.

Saenz-Guerrero argues the trial court should have used "occurrence" instead of "injuries" in Question No. 1 because "there were no allegations of proportionate responsibility, contributory negligence, comparative fault, or pre- or post-occurrence, injury producing conduct." Saenz-Guerrero raised this objection at the charge conference and preserved the issue for appellate review. *See* Tex. R. Civ. P. 274; *see also Bishop*, 412 S.W.3d at 782.

Rule 278 requires the trial court to submit requested questions to the jury if those questions are supported by the pleadings and the evidence. *See* Tex. R. Civ. P. 278; *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992). Otherwise, the trial court has broad discretion in submitting jury questions so long as the charge fairly places the disputed issues before the jury. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *Campbell v. State*, 125 S.W.3d 1, 7 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The trial court abuses this discretion only when it "acts without reference to any guiding principle." *Tex. Dep't of Human Servs.*, 802 S.W.2d at 649.

Here, Saenz-Guerrero supports his comparative-negligence argument with reference to the following comment to the Texas Pattern Jury Charge on

6

negligence:

> **Use of "Injury" or "Occurrence."** "Injury" should be used in this question . . . if the issue of the responsibility or more than one person is submitted to the jury under the proportionate responsibility statute. For suits filed after September 1, 1987, section 33.003 requires a finding of "percentage of responsibility" in pure negligence cases as well as in "mixed" cases involving claims of negligence and strict liability and/or warranty. The statute defines "percentage of responsibility" in terms of "causing or contributing to cause in any way . . . the personal *injury*, property damage, death, or other harm for which recovery of damages is sought."

Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: General Negligence, Intentional Personal Torts & Workers' Compensation* PJC 4.1 at 54 (2016) (citations omitted) (emphasis in original). Saenz-Guerrero also cites *Nabors Well Services, Ltd. v. Romero*, 456 S.W.3d 553 (Tex. 2015), in which the Texas Supreme Court discussed the distinction between injury-causing and occurrence-causing negligence in the context of proportionate responsibility. Relying on these authorities, Saenz-Guerrero asserts "[n]one of the criteria for [the] inclusion of 'injury' instead of 'occurrence' were met" because there "was not a question of proportionate responsibility in this case."

We reject Saenz-Guerrero's argument. Neither the cited Pattern Jury Charge comment nor *Nabors Well Services, Ltd.* addresses the term at issue here, namely, the use of the word "injuries" in the trial court's negligence jury question. Likewise, these authorities do not prohibit the use of "injuries" in a negligence jury question. Accordingly, these authorities do not show the trial court abused its discretion by using the term "injuries" in its negligence jury question. *See* Tex. R. Civ. P. 278; *Tex. Dep't of Human Servs.*, 802 S.W.2d at 649. We overrule Saenz-Guerrero's challenge to the use of "injuries" in Question No. 1.

7

## CONCLUSION

We overrule Saenz-Guerrero's issue on appeal and affirm the trial court's April 5, 2018 final judgment.


/s/  Meagan Hassan
    Justice


Panel consists of Justices Christopher, Hassan, and Poissant (Poissant, J., dissenting).