**Affirmed and Majority and Dissenting Opinions filed October 15, 2019.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00440-CV

**ROEL SAENZ-GUERRERO, Appellant**

**V.**

**JERRY GARDNER, Appellee**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-54364**

## DISSENTING OPINION

The sole issue in this appeal challenges the use of the word "injuries" versus "occurrence" in the jury charge. Appellant contends the jury charge question did not accurately state the law because the instructions in the Texas Pattern Jury Charge recommends the use of "injuries" rather than "occurrence" when there is no claim of proportionate responsibility, and the pleadings and evidence did not raise a question of proportionate responsibility.

I acknowledge Appellant did not specify the plural form of "injuries" imposed an improper predicate finding that *all* of Saenz-Guerrero's injuries were proximately caused by Gardner's negligence. However, the failure of the trial court to use "occurrence" rather than "injuries", or to further define "injuries", failed to fairly place the disputed issues before the jury. Because this resulted in an improper judgment, I dissent.

This case involved multiple injuries. The term "injuries" was not defined in the jury instructions. The Appellant claimed all of the injuries were caused by the occurrence; Appellee's biomechanical expert opined some, but not all, of the claimed injuries were consistent with the force of the impact. Appellee's retained expert, Dr. Greider, reviewed the medical records of Appellant and opined that medical treatment by Appellant's orthopedic surgeons was unnecessary, but conceded Appellant's emergency room treatment was necessary.

As noted by the majority, the jury was confused by the term "injuries" in jury charge question no. 1, and asked which specific injuries the charge question referred to. An improper instruction is especially likely to result in an unfair trial when the evidence is "sharply conflicting" on the issue presented. *Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 480 (Tex. 2001); *see also Timberwalk Apartments Partners, Inc. v. Cain,* 972 S.W.2d 749, 756 (Tex. 1998) ("vigorous evidentiary dispute"); *Texas Dept. of Human Servs. v. Hinds,* 904 S.W.2d 629, 637 (Tex. 1995) ("serious dispute ... vigorously and convincingly disputed").

> An incorrect jury question is only grounds for reversal if it probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(A); *Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 480 (Tex. 2001). In determining whether charge error probably caused rendition of an improper judgment, we analyze the entire record. *Timberwalk Apartments Partners, Inc. v. Cain,* 972 S.W.2d 749, 756 (Tex. 1998).

In this case, negligence was not strongly disputed; Appellee admitted fault for the collision. The injuries suffered by Appellant were "vigorously disputed", and the record supports this conclusion. The record further supports the confusion by the jury. During deliberations, the jury sent out a note asking the trial court: "Can you clarify the term 'injuries' in question?  What specific injuries, if any, does this refer to?"

The cases cited in the majority opinion support this conclusion. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990), is a parental termination case, during which a single question for termination of the parent-child relationship for each child was  presented to the jury. In that case, the Petitioner complained of the broad form submission without including specific grounds for the terminations in each question. Further, as the Supreme Court noted in its opinion, the terms contained  in the charge questions were clearly defined in the instructions to the jury, including the definitions of "termination", "clear and convincing evidence", and "endanger", and the jury was given a list of some of the factors from *Holley v. Adams*, 544 SW 2d 367, 371-72 (Tex. 1976), to consider in determining the best interest of the child. *Id.* at 648. There was not a definition of injuries in the trial court's charge.

*Campbell v. State*, 125 SW 3d 1, 7 (Tex. App.—Houston [14th Dist.] 2002, no pet.), was a civil proceeding extending Campbell's involuntary commitment, a statutory cause of action. Our court reversed and remanded for a new trial. We determined the jury question in the charge—lacking a complete definition of "clear and convincing evidence"—probably resulted in an improper judgment. The charge presented to us in this appeal had no definition of  "injuries", which was obviously necessary for the jury to render a fair and just decision.

3

Although the trial court's use of "injuries" rather than" occurrence" would not be erroneous in every case, in this instance, based on the strongly disputed medical evidence, I would hold the trial court erred. Because that error probably caused the rendition of an improper judgment, the error is reversible.

/s/ Margaret "Meg" Poissant
   Justice

Panel consists of Justices Christopher, Hassan, and Poissant. (Hassan, J. majority).