Christina **CONQUEST**, Appellant,

v.

**Clarence Lenwood SPENCER**, Appellee.

No. 05–09–00942–CV.

Court of Appeals of Texas, Dallas.

Jan. 12, 2011.

Mellannise Eve Henderson–Love, Law Office of Mellannise Henderson–Love, P.C., Dallas, TX, for Appellant.

Chad A. Norcross, Dallas, TX, for Appellant.

Before Justices MORRIS, MOSELEY, and LANG.

### OPINION

Opinion By Justice MOSELEY.

Clarence Lenwood Spencer filed a partition suit against Christina Conquest. The parties later dictated the terms of a settlement into the record. Conquest later objected to the proposed judgment on the basis that it did not include all the terms of the agreement. The court signed a final judgment on April 21, 2009.

Fifty days later, on June 10, 2009, Conquest filed a motion for new trial and argued she did not receive notice of the final judgment until May 21, 2009. She requested an extension of the post-judgment deadlines. *See* TEX.R. CIV. P. 306a(4), (5). Attached to the motion, was Conquest's affidavit stating "I am personally acquainted with the facts alleged in my Motion for New Trial." Spencer filed

a response to the motion for new trial controverting Conquest's assertion of lack of notice of the judgment.

A party may extend the post-judgment time lines if the party: "(1) complies with the sworn motion, notice and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006). Under rule 306a(5), a sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction "for the limited purpose of holding an *evidentiary hearing* to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *Id.* (emphasis added).

The trial court heard argument on the motion for new trial and signed an order denying the motion and stating the motion was not timely filed.[1] No evidence was offered or admitted at the hearing. Conquest filed her notice of appeal on August 10, 2009, 111 days after the judgment was signed. Spencer filed a motion to dismiss the appeal for want of jurisdiction asserting that Conquest's notice of appeal was untimely.

The trial court here concluded the motion for new trial was not timely and denied the motion. Thus, the trial court impliedly found that Conquest had timely notice of the judgment. Conquest presented no evidence at the evidentiary hearing to prove she received notice more than twenty days after the judgment was signed. Therefore, the trial court did not err in denying her motion for new trial or request for extension of deadlines under rule 306a.

Because she did not file a timely motion for new trial, Conquest's notice of appeal was due thirty days after the final judgment was signed. She did not file her notice of appeal until 111 days after the judgment. Because the notice of appeal was not filed within the time to file a motion for extension of the time to file a notice of appeal, there is no basis to imply such motion. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). Absent a timely notice of appeal, we lack jurisdiction of this appeal.

Accordingly, we grant appellee's motion and dismiss this appeal for want of jurisdiction.

---

1. A transcript of the hearing on the motion for new trial is not included in the appellate record, but is attached to Spencer's brief. Attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal. *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no writ). However, because the trial court's docket indicates a hearing was held and no objection has been made to the accuracy of the transcript, we will consider it in the interest of justice to determine whether Conquest carried her burden to prove lack of notice under rule 306a(5).