

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00159-CV

**IN THE INTEREST OF N.A.L.** and N.R.L., Children

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 29248
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: August 21, 2013

AFFIRMED

This is an appeal from a trial court's order terminating appellant R.R.J.'s parental rights to

N.A.L. and N.R.L., minor children.[1]  R.R.J. does not challenge the legal and factual sufficiency of

the evidence supporting termination.  Rather, R.R.J. contends the trial court erred in terminating

her parental rights because multiple defects in the jury charge and final termination order denied

her due process and a fair trial.  We affirm the trial court's judgment.

#### BACKGROUND

A detailed rendition of the facts in this case is unnecessary for the disposition of the issues

on appeal.  We provide a brief procedural history for context.

---

[1] To protect the privacy of the parties in this case, we identify the children and the children's mother by their initials only.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2012).

The appellate record shows R.R.J. has an extended history with the Texas Department of Family and Protective Services ("the Department"). R.R.J. has been actively under investigation or receiving services from the Department since 2007. The referrals to the Department include claims of negligent supervision and physical abuse and neglect.

In September 2011, following an incident where R.R.J. was hospitalized for drug overdose and threats of suicide, the trial court granted the Department's request for a temporary order removing N.A.L. and N.R.L. from R.R.J's custody and placing them in a foster home. In August 2012, after R.R.J. complied with the terms of a Service Plan, the trial court agreed to a monitored return of N.A.L. and N.R.L. to R.R.J. to determine whether reunification could be achieved. A few days later, R.R.J. was involved in an assault that required police intervention. R.R.J. withdrew her commitment to work toward family reunification and moved the trial court to set a date for jury trial on the issue of termination.

A jury trial was held on February 25 and 26, 2013. The record reflects that on February 26, the jury retired from the courtroom, an off-the-record hearing occurred. At the conclusion of the hearing, the trial court queried: "I have got the Charge of the Court here. [Attorneys], any objection to the Charge as it is presented to this Court?" All counsel, including R.R.J.'s counsel, answered "No, Your Honor." There is no indication in the record of competing charges,[2] nor is

---

[2] In her brief, R.R.J. contends the final charge submitted to the jury was different than the charge the Department allegedly submitted to her prior to the commencement of trial. R.R.J. contends the "original version" of the charge set forth four separate questions: three questions requiring the jury to make specific findings on whether the Department had presented sufficient evidence supporting the statutory termination grounds, and one question requiring the jury to state whether termination of the parent-child relationship was in the best interest of the child. Although R.R.J. attached this "original version" of the charge to her brief, this document is not found in the record, and therefore, we cannot consider it in the disposition of this appeal. *See Conquest v. Spencer*, 331 S.W.3d 537, 538 n.1 (Tex. App.—Dallas 2011, no pet.) (quoting *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ)) (noting attachment of documents as exhibits or appendices to briefs is not formal inclusion in record on appeal and, thus, documents cannot be considered).

there any indication R.R.J. objected or requested questions, instructions, or definitions, orally or in writing.

After the jury returned to the courtroom, the trial court proceeded to read the charge in full as required. The charge, as read by the trial court, defines clear and convincing evidence and explains the ramifications of termination. The court also instructed the jury that to terminate R.R.J.'s parental rights, the Department must have proven by clear and convincing evidence that R.R.J.: (1) knowingly placed or knowingly allowed the children to remain in conditions which endangered the children's physical or emotional well-being; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the children's physical or emotional well-being; or (3) failed to comply with the provisions of a court order necessary for the parent to obtain the return of the child who has been in the Department's permanent or temporary managing conservatorship for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.[3]

The charge also admonished the jury that to terminate R.R.J.'s parental rights, the Department must have proven termination is in the children's best interest. The charge, as read by the court, provided multiple best interest factors for the jury to consider, including the nine *Holley* factors and several statutory best interest factors from the Family Code. *See Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) (providing nine, non-exclusive factors for consideration in determining best interest of child); *see also* TEX. FAM. CODE § 263.307 (West 2008) (providing laundry list of factors to consider in best interest analysis).The charge culminated with the question: "Now, bearing in mind, the foregoing instructions and definitions, you will answer the following question: Question number one: Should the parent-child relationship between [R.R.J.]

---

[3] These are statutory grounds for termination under section 161.001(1)(D), (E) and (O) of the Texas Family Code.

and [N.A.L. and N.R.L.] be terminated? Answer by selecting 'Yes' or 'No.'" The record reflects the jury unanimously answered "yes" to that question. The record does not reflect any objection to the charge or that R.R.J. had any issue with the charge.

After the jury returned its verdict, the trial court noted it had reviewed the charge of the court, finding it to be in proper form and "previously approved by the attorneys." The trial court signed the judgment of termination. Thereafter, R.R.J. filed a notice of appeal and a motion for new trial. The trial court denied R.R.J.'s motion for new trial.

## ANALYSIS

As noted above, R.R.J. does not challenge the sufficiency of the evidence supporting termination. Rather, she claims there are multiple defects in the jury charge and final termination order that denied her due process. The Department contends R.R.J. has failed to preserve her complaints for our review.

### *Standard of Review*

In deciding if a party has preserved error in the jury charge, we determine "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *State Dep't. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241–42 (Tex. 1992); *In re Stevenson*, 27 S.W.3d 195, 201 (Tex. App.—San Antonio 2000, pet. denied). If we hold jury charge error is preserved, we review such allegations under an abuse of discretion standard. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *see In re Estate of Johnson*, 340 S.W.3d 769, 786 (Tex. App.—San Antonio 2011, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Johnson*, 340 S.W.3d at 786. For appellate court to reverse on the basis of charge error, the appellant must show the error was

harmful. *Johnson*, 340 S.W.3d at 786; *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 580 (Tex. App.—Austin 2007, pet. denied).

### *Preservation of Jury Charge Error*

Texas Rule of Civil Procedure 274 provides in part:

A party objecting to a [jury] charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections.

TEX. R. CIV. P. 274; *see also* TEX. R. APP. P. 33.1 (noting for appellate review, there must be specific and timely objection and ruling thereon). Courts have consistently upheld this requirement of a timely and specific objection to a jury charge in order to preserve error. *Payne*, 838 S.W.2d at 241; *Stevenson*, 27 S.W.3d at 201. Furthermore, the Texas Supreme Court has held the requirement of a timely and specific charge objection applies to termination cases. *See In re B.L.D.*, 113 S.W.3d 340, 349–50 (Tex. 2003).

In *B.L.D.*, the supreme court held an appellate court should not review an unpreserved jury charge complaint. *Id.* In explaining its ruling, the court stated:

Important prudential considerations underscore our rules on preservation. Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds. [Citation omitted]. In addition, our preservation rules promote fairness among litigants. A party "should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." [Citation omitted]. Moreover, we further the goal of accuracy in judicial decision-making when lower courts have the opportunity to first consider and rule on error. Not only do the parties have the opportunity to develop and refine their arguments, but we have the benefit of other judicial review to focus and further analyze the questions at issue.

*Id.* at 350. In *In re C.P.*, this court followed this precedent, noting that in a termination case, the "[f]ailure to object to any alleged error in the form of a jury charge at trial waives review of that

complaint on appeal." No. 04-03-00790-CV, 2004 WL 2346253, at *2 (Tex. App.—San Antonio Oct. 20, 2004, no pet.) (mem. op.).

The record in this case shows R.R.J. did not object to the charge at any point during the trial. The record reflects a conference was held off the record. R.R.J. did not object when she was specifically given the opportunity to do so by the trial court, nor did she offer a competing charge or written instructions. She also did not object when the charge was being read aloud to the jury, or before the jury retired to deliberate.

R.R.J. argues her counsel had no knowledge of the charge and its contents until he reviewed them after trial. However, the record shows he sat in court and heard the trial court read the charge to the jury, including the complained-of broad-form submission.

R.R.J. also contends the Texas Rules of Civil Procedure and her complaints in her motion for new trial cure her failure to object to the jury charge during trial. We disagree. Although R.R.J. reads Texas Rule of Civil Procedure 272 as "[obviating]" the need for counsel to object, the plain language of the rule contradicts her argument. Rule 272 provides several requirements regarding the jury charge, including: (1) the charge shall be in writing, signed by the court, and filed with the clerk; and (2) the charge must be submitted to the attorneys for their inspection, and a reasonable time to examine the charge and *present* objections. TEX. R. CIV. P. 272 (emphasis added). The rule also requires that any objections must be in writing or dictated to the court reporter and must take place before the charge is read. *Id.* Importantly, the rule also states "[a]ll objections not so presented shall be considered as waived." *Id.* Therefore, because R.R.J. failed to make a timely objection to the jury charge during trial and obtain a ruling, we hold she waived her complaints on appeal. *See* TEX. R. APP. P. 33.1. Allowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus "'[p]romot[ing] the child's interest in a final decision and thus

placement in a safe and stable home.'" *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (quoting *In re B.L.D.*, 113 S.W.3d at 353; *In re J.F.C.*, 96 S.W.3d 256, 304 (Tex. 2002)).

We also hold R.R.J. did not preserve error by raising the alleged jury charge error in her motion for new trial. As noted above, the rules require an objection to the charge before it is read to the jury. *See* TEX. R. CIV. P. 272; *Gale v. Spriggs*, 346 S.W.2d 620, 626 (Tex. Civ. App.—Waco 1961, writ ref'd n.r.e.). Consequently, an objection to a jury charge in a motion for new trial is untimely and does not preserve issues for review. *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 627–28 (Tex. App.—Dallas 2004, pet. denied); *Gale*, 346 S.W.2d at 626. Therefore, we hold R.R.J. did not preserve any alleged charge error for our review.

### *Defects in Final Termination Order*

Regarding R.R.J.'s complaints about the final termination order, we hold she preserved error by raising the issue in her motion for new trial and filing a timely notice of appeal within twenty days the order was signed. *See* TEX. FAM. CODE 263.405 (West. Supp. 2012) (noting appeals of final order are governed by procedures for accelerated appeals); TEX. R. APP. P. 5.1, 26.1(b) (stating in accelerated appeals, notice of appeal must be filed within 20 days after judgment or order is signed).

R.R.J. contends the final order of termination was defective because it failed to set forth a proper basis for its findings. R.R.J. argues the jury did not render a verdict specifically as to any statutory termination ground, but the order of termination noted three grounds had been proven by clear and convincing evidence—the order noted the trial court found R.R.J.:

(1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children;
(2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; and
(3) failed to comply with the provisions of a court order that specifically established the actions necessary for the motion to obtain the return of the children who have

been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children.

R.R.J. contends the final termination order cannot be given legal effect and a new trial should be conducted. We disagree.

In *E.B.*, the court dealt with a similar issue where a jury charge used broad form questions, and appellant argued the trial court rendered a defective decree of termination because it was unclear upon what statutory grounds the jury had decided the issue of termination. *See* 802 S.W.2d at 648. The court of appeals reversed and remanded the case. *Id.* However, the supreme court reversed the court of appeals, holding the "controlling question" was whether the parent's rights should be terminated, not "what specific ground or grounds the jury relied on." *Id.* at 649. Similarly, R.R.J. claims the trial court's termination order is defective because it presumes the grounds of termination the jury agreed upon. However, we hold, based on supreme court precedent, the controlling question is termination, not the specific ground(s) the jurors agreed upon. *See id.*

In *King v. Tex. Dept. of Protective and Regulatory Servs.*, No. 08-03-00100- CV, 2004 WL 1505703 (Tex. App.—El Paso July 2, 2004, no pet.) (mem. op.), the appellant mother, as in this case, conceded best interest, but challenged the statutory termination grounds found by the trial court. *Id.* at *6. Citing *E.B.*, the court noted that "if multiple grounds for termination are alleged and the trial court submitted the termination issue using a broad-form question asking the jury whether the parent-child relationship should be terminated, the jury's finding will be upheld on any ground supporting the finding. *Id.* (citing *E.B.*, 802 S.W.2d at 649). Therefore, to be successful on appeal, an appellant must establish that the jury's findings on all of the Department's pleaded grounds are unsupported by the evidence. *Id.*

R.R.J. did not challenge the sufficiency of the evidence related to termination. Therefore, we hold the trial court did not abuse its discretion in entering a judgment terminating R.R.J.'s parental rights for conduct in violation of Family Code subsections 161.001(1)(D), (E), and (O).[4] Accordingly, we overrule R.R.J.'s second issue.

### CONCLUSION

Based on the foregoing, we overrule all of R.R.J.'s issues and affirm the trial court's judgment.

Marialyn Barnard, Justice

---

[4] These were the only statutory grounds defined in the jury charge.